BENJAMIN F. BROWN *vs.* JAMES WELLINGTON.

One who buys standing grass from a tenant in common of the land in occupation thereof, and cuts and harvests it, cannot avoid paying him the full contract price for the grass on the ground that the cotenant has forbidden the payment.

CONTRACT to recover $20, the price of standing grass sold by the plaintiff to the defendant. Writ dated July 13, 1869. The case was submitted to the judgment of the superior court, and, on appeal, of this court, on the following agreed facts:

"The plaintiff and Henry A. Brown on July 5, 1869, were, and for a long time had been, seised in fee, and been in possession as tenants in common in equal shares, of a lot of land in Waltham, and previously to said day the plaintiff brought a petition for partition thereof against Brown, which was pending on the day when this suit was brought, and continued pending some time afterwards. On said day the defendant bargained with the plaintiff for the grass then standing on the premises, and agreed to pay him $20 therefor when the same was cut and harvested. Afterwards the defendant cut and harvested the grass, and the plaintiff called on him on a Saturday for the money. The defendant told

the plaintiff to call on the Monday following and he would pay him. He did call on the Monday following, when the defendant refused to pay him, Brown having in the mean time forbidden his paying the plaintiff."

If the court should be of opinion that on these facts the plaintiff could in his own name maintain the action, he was to have judgment for such sum as he was entitled to recover, and otherwise judgment be entered for the defendant.

*T. Carlton,* for the plaintiff.

*C. A. Welch,* for the defendant.

COLT, J. It is not necessary here to consider what the law is, as applicable to an action brought by one tenant in common of personal property to recover the full price of such property, sold by him without the consent of his cotenant. The plaintiff's interest in the standing grass here sold was not that of a tenant in common of a specific chattel. He was tenant in common of real estate, and the property sold was part of the annual product of the soil. His right to deal with it as his own is governed by the law which regulates the rights of tenants in common in the occupation and improvement of their land, and which is founded on that unity of possession which is the chief incident of such tenancies. The plaintiff had the right to the sole occupation of the premises owned in common, unless his cotenant chose to occupy with him. If he took the whole profits, by the old rule of the common law his cotenant would have had no remedy against him. Afterwards, by the St. of 4 & 5 Anne, *c.* 16, § 27, an action of account charging him as bailiff might be maintained in favor of the cotenant, provided he had actually received more than his share of all the rents and profits of the estate. Mere exclusive occupation under the statute was not enough. *Sargent* v. *Parsons,* 12 Mass. 149. *Badger* v. *Holmes,* 6 Gray, 118. An action of assumpsit lies in these cases, by repeated decisions in this Commonwealth. *Shepard* v. *Richards,* 2 Gray, 424. *Munroe* v. *Luke,* 1 Met. 459.

For all that appears in the statement of facts, the plaintiff alone occupied and improved the whole estate. If he occupied jointly with his cotenant, it does not appear that his cotenant has

not received his share of the profits from some other product of the estate. At all events, the cutting of the grass by the plaintiff's authority, and the sale and delivery of it by him to the defendant, was an appropriation of it which gave the plaintiff a good title to the whole of it, so far as this defendant is concerned; and it is no defence to this action that the cotenant, after it was cut and removed, forbade the defendant to pay for it. *Calhoun* v. *Curtis*, 4 Met. 413. *Peck* v. *Carpenter*, 7 Gray, 283.

*Judgment for the plaintiff for the amount claimed in the writ, with interest from the date of the writ.*