## Caleb Everts v. Levi C. Beach.

*Tenants in common : Use and occupation : Right of each to occupy.* A tenant in common of lands cannot recover of his co-tenant for the use and occupation by the latter of the lands claimed in common, in the absence of any express promise; the right of each to occupy is one of the legal incidents of such tenancy, and it pervades the whole land; and one is not excluded by the failure of the other to occupy, but whatever he occupies, in such case, is in his own right, and not under his co-tenant.

*Heard January 5.    Decided January 12.*

Error to Oakland Circuit.

*A. C. Baldwin*, for plaintiff in error.

*W. B. Jackson*, for defendant in error.

GRAVES, CH. J.

Beach as guardian sued Everts to recover on account of his alleged use and occupation of an undivided two-thirds of a parcel of land said to have been owned by Everts and the wards of Beach as tenants in common. The case was tried before a jury and Beach recovered. The main facts were briefly as follows:    In 1842 Lydia Webster, the mother of the wards of Beach, received from her father conveyance of the parcel of land in question, and with her husband, William R. Webster, went into possession and occupied it until her death in 1863.    These parties had three children ; the infants before mentioned and another son, Riley Webster, who became of age in 1865.    After Mrs. Webster's death in 1863, Mr. Webster continued to occupy the premises until 1865, when Riley Webster, the elder son, who as before stated had become of age, conveyed his interest, which was assumed to be an undivided third, to the plaintiff in error.    Mr. Webster, the father, then assumed to let upon shares to Everts the undivided interest of the two younger sons, and Everts went

into possession and occupied the land, and during the years 1865, 1866, and 1867, he delivered to Mr. Webster, the father, the stipulated portion of the crops. After 1867 he paid nothing. In December, 1870, Mr. Beach was appointed guardian by the probate court, for the two minors, and some time afterwards brought this action.

The sole ground of action was the occupation by the plaintiff in error of the lands claimed in common, and no aid was sought from the statute which gives an action to one tenant in common against another for having received more than his proper proportion of the rents and profits.— *Comp. L.,* § *4308.*

The recovery was allowed upon evidence that the plaintiff in error had the entire occupancy, and evidence of what the use of the undivided shares of the infants was considered worth.

I think the facts were not adequate to maintain the action, and that the court erred in deciding otherwise. The right of each to occupy is one of the legal incidents of a tenancy in common, and neither tenant is excluded by the circumstance that the other does not occupy. If for any reason one does not occupy, the other is not obliged to stay out. As the interest of each pervades the whole land, whatever breadth is occupied by one tenant must necessarily include land in which all have interests. And whether the occupancy is united or single, if it follows the common right and is not affected by special arrangements, it extends as far as the common interests extend.

These infants were entitled to occupy jointly with the plaintiff in error. They did not do so. But neither his right to occupy at all, or the bounds of his occupancy, depended upon their occupying or not occupying, or upon the circumstance that they were infants. Their omission to occupy was not laches, but it was a fact. It was not a fact, however, of a nature to change or impair his right. His interest extended through every inch of the land, and he was entitled to occupy to the extent of his interest, in

31 MICH.—18.

conjunction with the others if they entered, or alone if they did not, and such occupancy by him could not by itself afford to the non-occupying tenants a ground to recover against him for the value of the use of their interests. His occupancy was warranted by his own interest and estate, and was in his own right, and in itself gave rise to no cause of action in favor of the infants.—*Badger v. Holmes, 6 Gray, 118; Peck v. Carpenter, 7 Gray, 283; Brown v. Wellington, 106 Mass., 318; Woolever v. Knapp, 18 Barb., 265; 4 Kent, 12 ed., 369.*

The judgment should be reversed, with costs, and a new trial granted.

The other Justices concurred.