## Hiram D. Wilmarth v. Ervin Palmer.

*Tenants in common: Use and occupation: Co-tenants.* A tenant in common of lands is not liable to his co-tenants for use and occupation by him of their common estate, in the absence of any agreement or understanding that he was to pay for the same.

*Adverse holding: Landlord and tenant: Rent.* And the suggestion that his holding was adverse would not better the matter, since that would destroy the relation of landlord and tenant entirely, and would be equally fatal as an objection to recovering rent.

*Submitted on briefs June 8.    Decided June 21.*

Error to Wayne Circuit.

This was an appeal by Erviu Palmer from the ·decision of the commissioners on claims in the matter of the estate of James Lee, deceased, disallowing his claim.    The cause was tried by jury and judgment rendered in Palmer's favor, and Wilmarth, the administrator, brought error.

*W. A. Green* and *F. A. Baker,* for plaintiff in error, relied upon *Everts v. Beach, 31 Mich., 136,* and *Hogsett v. Ellis, 17 Mich., 351.*

*Ward & Palmer,* for defendant in error, conceding that one tenant in common cannot recover rent of his co-tenant when each is left to his own choice to occupy or not,

argued that where one joint owner is in exclusive possession of the whole premises, and claiming title to the whole, the general rule of joint tenancy does not obtain, and cited: *Bray v. Bray, 30 Mich., 479; Fiquet v. Allison, 12 Mich., 328; Hone v. Howell, 46 Ga., 9; Israel v. Israel, 30 Md., 120 ; Noble v. McFarland, 51 Ill., 226; Seers v. Sellers, 28 Ia., 501; Freeman v. Cheny, 46 Ga., 14; Graham v. Pierce, 19 Grat., 28; Early v. Friend, 16 Grat., 21.*

CAMPBELL, J:

Ervin Palmer undertook to prove a claim against Lee's estate, consisting of demands purchased from co-tenants of Lee for use and occupation by him of their common estate.

There was no proof of any agreement or understanding that Lee was to pay his co-tenants for the use of the land. This being so, the case comes directly within the ruling in *Everts v. Beach, 31 Mich., 136,* and the court erred in holding that there was such a liability.

The suggestion that the tenant held adversely would destroy the relation of landlord and tenant entirely, and would be equally fatal as an objection to recovering rent.— *Hogsett v. Ellis, 17 Mich., 351.*

The judgment must be reversed, with costs.

The other Justices concurred.