## MARY T. RICHARDSON *vs.* JOHN RICHARDSON.

### Hancock.   Opinion June 29, 1881.

*Tenants in common — assumpsit between, disseizin of.   R. S., c. 95, § 16.*

A tenant for life of an undivided portion of real estate has a right to his share of the profits accruing from the products of a quarry opened upon the premises.

A tenant in common may disseize a co-tenant of the common estate.

A tenant in common may maintain assumpsit, independently of R. S., c. 95, § 16, against a co-tenant who has received from sub-tenants more than his share of the rents and profits of the common estate; unless the plaintiff had been disseized by such co-tenant when the rents and profits were received. By R. S., c. 95, § 16, this right of recovery in assumpsit is extended to cases of personal occupancy, by the co-tenant, of the whole, or more than his proportion, of the common estate.

A disseizee of lands cannot maintain assumpsit for rents against the disseizor.

ON REPORT.

Upon so much of the evidence as was pertinent and legally admissible, the law court was to render such judgment as the law and facts required.

The material facts appear in the opinion.

*A. P. Wiswell,* for the plaintiff.

Tenants in common may hold different interests.   One may have an estate in fee and the other a life-estate.   1 Wash. R. P. 416.

A tenant for life of a quarry is entitled to work it and take the profits.   1 Wash. R. P. 111; *Billings* v. *Taylor,* 10 Pick. 460.

A tenant in common may maintain assumpsit against his co-tenant.   R. S., c. 95, § 16; *Cutler* v. *Currier,* 54 Maine, 90.

True, there is a principle of law running through the reports, that the title to real estate cannot be tried in an action of assumpsit, but isn't the reason for it a thing of the past?

The statute cited authorizes assumpsit by one tenant in common against another, but the first step to be taken in such a case is to prove title, to show that plaintiff is a co-tenant.   If his title is disputed the main issue may be upon that question, and if he prevails upon that, if he proves that he is a tenant in common, then the statute gives him a remedy by assumpsit.   If that is not the construction of the statute, then it is a nullity, for there

can be no case so clear but that the defendant may raise the question of title.

*Hale and Emery*, for the defendant, cited : *McLellan* v. *Cox*, 36 Maine, 95; *Page* v. *Swanton*, 39 Maine, 400; *Brigham* v. *Winchester*, 6 Met. 460; *Wyman* v. *Hook*, 2 Maine, 337; *Rogers* v. *Libbey*, 35 Maine, 200; *Howe* v. *Russell*, 41 Maine, 446; *Porter* v. *Hooper*, 11 Maine, 170; *Bigelow* v. *Jones*, 10 Pick. 161; *Miller* v. *Miller*, 7 Pick. 133; *Buck* v. *Spofford*, 31 Maine, 34; *Shepard* v. *Richards*, 2 Gray, 424; *Peck* v. *Carpenter*, 7 Gray, 283; *Moses* v. *Ross*, 41 Maine, 360; 106 Mass. 318.

SYMONDS, J.   This is an action of *indebitatus assumpsit*, for money had and received.   By the specification under a declaration in the ordinary form, the plaintiff claims to recover " one quarter of certain sums of money paid by Cyrus J. Hall to defendant for stumpage of granite," cut on the real estate therein described.

It appears that the defendant, and one Stephen Richardson, let the premises to Cyrus J. Hall and A. Sherman, by lease dated June 2, 1871, " for the purpose of carrying on the business of granite quarrying," and that certain moneys have been received by the defendant for the stone quarried there.

As the case is upon report, we think it right to infer from the admission and other evidence, from the terms of the lease and the absence of denial on the part of the defendant, that the rent of the quarry has been received since the date of the lease by the lessors; to the. exclusion of the plaintiff, who claims to have a life-estate in one-fourth of the land on which the quarry is situated, and, as such life-tenant, to be entitled to one-fourth of its rents and income.   The admission on this point is not explicit; but, taken in connection with all the testimony, we think it was intended to remove from the case the question of the reception by the defendant of sums of money exceeding his share, if the plaintiff establishes her claim to one-fourth of the income of the quarry; and to leave the precise amount for which the defendant in such event is to be liable to be fixed at the hearing in damages at *nisi prius*.

Taking it, then, as proved that the defendant has in his possession a certain amount of money that would belong to the plaintiff, if she owned a share as tenant in common in the quarry, has she shown such an interest, and does the testimony disclose a state of facts which entitles her to recover in an action of assumpsit?

It may be regarded as settled by the case of *Richardson* v. *Richardson*, 64 Maine, 62, in which the question of plaintiff's title to these premises was involved, that the two deeds under which she claims from the heirs of Richard Richardson, gave her a tenancy for life in one undivided fourth of the premises where the quarry was opened; provided Richard Richardson at his death, and his heirs afterwards, had such an interest to convey. In the case cited, this was correctly assumed to be the construction and effect of the deeds under which the plaintiff claims title.

It is not denied that Richard Richardson on November 8, 1836, by deed from Benjamin Richardson, acquired title to such undivided fourth, nor is it claimed that he or his heirs have ever since conveyed it by deed, except to the plaintiff. But it is urged by the defendant that some time after the deed to Richard, in 1836, the four owners of the undivided tract, of whom Richard was one, and the defendant another, went upon the premises and by common consent made a division of them, running the lines and establishing the boundaries according to which each was to hold in severalty; and that, while no deeds were given, the occupation since that date has been in severalty according to the division then made, and of such a character as, after the lapse of twenty years, to give title to each owner in the part assigned to him. According to this division, as the defendant states it, the granite quarry is on the fourth which fell to him, and under this claim it would be, therefore, his exclusive property.

In this division the tract was first divided into ten lots, of which four were assigned to the defendant, and two to each of the other three owners. The claim of the plaintiff now is — through her counsel, although she states it more broadly in her testimony — that one reason for allowing the defendant a double share in that division was that the granite along the front of his lot, on the shore, where the quarry now is, was reserved, and

was to remain as before the common property of the four owners. This the defendant denies, and here arises the most difficult question of fact in the case. The burden is upon the defendant to establish such a division and such possession under it as to give him exclusive title. The record leaves him as the owner of an undivided fourth. We do not find in the testimony any other adequate explanation of the assignment of a double lot to the defendant, than that there was some such reservation of the granite as the plaintiff claims. Considering what the case shows as to the tract itself, and the growth upon it, we doubt very much if the difference in wood and timber was the reason for giving the defendant so much more than the others. The testimony, also, fails to show an exclusive occupation by the defendant of the locus of the granite quarry. The proceeds of the occasional cuttings of granite at that point, since the division, and down to a comparatively recent period, have been claimed and to some extent have been received, as the property of the four. Upon careful review of the testimony, we think the reservation of the granite, along the front of the lot assigned to the defendant, from the division, affords a better explanation of the difficulties which the case presents than any other theory.

The plaintiff, then, is a life-tenant of one undivided fourth of a granite quarry, which was opened and which the lessees of the defendant were working at the date of the deeds to her, from the heirs of Richard Richardson. One of these deeds gave her in terms all the right of said heirs, "to any and all profits which have or may arise from the sale of granite," and the other included "the due proportion of the rent of the stone quarry worked, or that may be worked on the said estate." Without such express grant, it is not doubted that as tenant for life in the estate, she had a right to her share of the profits accruing from the working of such opened quarry. 1 Washburn on Real Property, *111, and cases cited.

Independently of the provisions of R. S., c. 95, § 16—and it may well be doubted whether this declaration contains the proper averments to bring it within that section—one tenant in common could maintain an action of assumpsit against a co-tenant

who had received in money more than his share of the income of the estate; provided the plaintiff had not been disseized. That section does not enlarge the remedy in this respect. A tenant in common who has been disseized cannot now maintain such an action. The main purpose of the statute was to extend the right of recovery in such action to cases in which the defendant had had the use and occupation of the joint estate, or more than his share of it, or where he had himself received or taken more than his share of the rents or income thereof, in the products of the soil or otherwise than in money.

Under the statute 4 and 5 Anne, c. 16, which is a part of the common law of this State and of Massachusetts, it had been held in a series of decisions in both States that *indebitatus assumpsit*, in place of the old action of account, would lie by one tenant in common against another, as bailiff, for receiving more than his proportion of the rents and profits. "The statute constitutes the receiver bailiff to his co-tenant, without special appointment, and all that is requisite to bring the plaintiff within it, is to allege and prove that he is tenant in common, and that his co-tenant has received more than his just share of the rents." *Munroe* v. *Luke*, 1 Met. 464.

"The application of this doctrine, however, has been restricted to cases where the money has been actually received, and the liability to account has resulted in a duty to pay money, or where the defendant holds the share as bailiff of the plaintiff, or the occupation has been by consent." *Cutler* v. *Currier*, 54 Maine, 91; *Peck* v. *Carpenter*, 7 Gray, 283; *Brigham* v. *Eveleth*, 9 Mass. *538; *Jones* v. *Harraden*, 9 Mass, *540, note; *Gowen* v. *Shaw*, 40 Maine, 56; *Dyer* v. *Wilbur*, 48 Maine, 287; *Brown* v. *Wellington*, 106 Mass. 318; *Buck* v. *Spofford*, 31 Maine, 34.

In *Miller* v. *Miller*, 7 Pick. 136, the court seem to regard this right of action as limited to cases in which the title of the plaintiff is an admitted fact, but we think a mere dispute about the title, if the plaintiff proves the estate he claims and seizin thereof at the date when the defendant took the income, more than his share of which he retains in money, cannot have the effect to defeat

the action. If the plaintiff was, in fact, seized of the estate in common, when the defendant received in money the whole income thereof, we think the later cases in Massachusetts and in this State, clearly indicate that upon proof of those facts she must have her remedy under the statute of Anne. If the defendant were in possession of the estate under a denial of plaintiff's title, it would be evidence tending to show the disseizin of the plaintiff, and if it resulted in proof of that fact—as it might well do, if unexplained—then, and not till then, would the relative position of the parties be changed.

The result then may be briefly stated, that neither at common law, nor under the statute of Anne, can one tenant in common maintain assumpsit against another for use and occupation of the common estate, and that this rule is modified by R. S., c. 95, § 16. But that under the statute of Anne, the general rule is that assumpsit will lie to recover the due proportion of moneys in the hands of defendant, received from the income of the common estate.

This rule, however, cannot have universal application. The action is assumpsit, not trespass, nor a writ of entry. The disseizee of lands cannot maintain assumpsit for rents, against the disseizor. *Bigelow* v. *Jones*, 10 Pick. 161. Possession under an adverse claim of title negatives the idea of a promise to pay rent. The disseizor is a wrongdoer against whom a writ of entry or trespass for mesne profits in proper cases will lie, but the disseizee does not have the freehold or possession, on which he must rely in order to prove a promise to pay rent to him. The disseizor is a trespasser and cannot be treated as a tenant. The tort cannot be waived for the purpose of trying the title to lands in an action of assumpsit. *Munroe* v. *Luke, supra.*

One tenant in common may be disseized by another. When this has been done, as to the rents received during the period of disseizin, assumpsit is no longer the proper remedy at common law, nor under any statute. *Bracket* v. *Norcross*, 1 Greenl. 89 ; *Thomas* v. *Pickering*, 13 Maine, 353 ; *McLang* v. *Ross*, 5 Wheat. 124 ; *William* v. *Watkins*, 3 Peters, 51, 52 ; Stearns on Real Actions, 41 ; *Barnard* v. *Pope*, 14 Mass. *438.

The plaintiff, then, may maintain assumpsit, independently of R. S., c. 95, § 16, for her share of the moneys in the defendant's hands, the income of the common estate, unless she had been disseized by the defendant, when the rents were received by him.

One tenant in common may disseize another of the whole or of a part of the common estate. *Bennett* v. *Clemence*, 6 Allen, 10, 18. In this case we are forced to the conclusion that, as to the site of the granite quarry, during the period for which the plaintiff claims to recover her proportion of the rents, she was actually disseized by the defendant and his co-lessor. It is true that *prima facie* the possession of the defendant would be held to be in accordance with his title. He would be rightfully in possession as a tenant in common, and that would be held to be the character and extent of his occupancy, in the absence of evidence to indicate the contrary. *Small* v. *Clifford*, 38 Maine, 213 ; *Prescott* v. *Nevers*, 4 Mason, 330 ; *Dexter* v. *Arnold* 3 Sumner, 157. But here, according to the plaintiff's own account, when her title accrued, and from that time to the date of the writ, the defendant by his lessees was in actual possession of the quarry, under claim of title adverse to the plaintiff, denying her title and holding her out. The evidence shows a state of facts which amounts to a disseizin, even as between tenants in common. The rents, therefore, were received during a period when the plaintiff was actually disseized. Her proportion cannot be recovered in an action of assumpsit. The phrase, "without the consent of their co-tenants," in R. S., c. 95, § 16, does not refer to the case of a disseizor, receiving rents under an adverse claim, known to his co-tenant.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.