| 115 | 211 |
|---|---|
| 143 | 2 31 |
| 143 | 2 206 |
| 115 | 211 |
| 150 | 1 15 |
| 150 | 3 612 |

## MORELAND *v.* STRONG.

1. TENANCY IN COMMON—SALE OF CO-TENANT'S INTEREST—RIGHTS OF PURCHASER.

A purchaser at foreclosure sale of the undivided interest of a tenant in common is at once entitled to enter and enjoy the premises, and the co-tenant cannot thereafter, directly or indirectly, lawfully monopolize the use of the land.

2. SAME—LEASE—VALIDITY.

A tenant in common cannot make a valid lease of the entire premises.

3. SAME—ACCOUNTING BETWEEN TENANTS—GROWING CROPS.

The rule that a tenant in common, in possession by consent of his co-tenant, cannot be required to account to the latter for a share of the profits arising from his use of the premises, cannot be carried so far as to permit the tenant in possession to have the exclusive use of the premises, after entry or demand of possession, until growing crops are matured.

4. SAME—PARTITION—EQUITY.

As to such crops, the co-tenant may be permitted to share the proceeds, upon an accounting in equity on a bill filed for partition, if justice requires it; but in such case, for the protection of the cropper, the cost of production should first be deducted.

5. SAME—MORTGAGES—NOTICE—SUBSEQUENT MORTGAGEE.

A mortgage of the crops raised on land owned in common, given by the tenant in possession subsequent to the commencement of foreclosure proceedings on the interest of his co-tenant, and after *lis pendens* filed, in no way affects the rights of the complainant; and the purchaser at the foreclosure sale is entitled to his undivided interest in the crops, free from the lien of the mortgage.

6. SAME—STATING OF ACCOUNT—RECEIVER'S EXPENSES.

A cropper under a contract with a co-tenant who was in sole possession of the premises is chargeable with notice of the other co-tenant's interest in the use of the premises, and cannot complain if his interest under the contract is subjected to a proportionate share of the expenses incurred by the receiver appointed in a partition suit in harvesting and marketing the crop.

Appeal from Hillsdale; Lane, J.    Submitted November 4, 1897.    Decided December 7, 1897.

Bill by Robert S. Moreland and others against Robert D. Strong and Elijah Lindsay ( Chauncey F. Cook, intervening petitioner ) for the partition of certain real estate, and a division of the crops.    From a decree for complainants, defendants and intervener appeal.    Modified as to defendants, and affirmed as to intervener.

*Watts, Bean & Smith*, for complainants.

*E. I. Frankhauser* and *F. H. Stone*, for defendants.

*O. J. Cornell*, for intervener.

HOOKER, J.    The defendant Robert D. Strong and his brother, Homer N. Strong, were the owners in common of a farm of 360 acres, which came to them by purchase, subject to a mortgage to M. B. Koon.    On July 17, 1889, Homer gave a mortgage to the complainants, for $1,500, on his undivided half of the premises; and on July 2, 1890, he deeded his interest to his sisters.    From the time that Homer went to Texas, soon after the purchase, Robert D. Strong occupied the premises alone; and in 1890 he made an oral contract with defendant Lindsay to work the place on shares for five years, under which the crops in dispute were raised.    Complainants began foreclosure proceedings in chancery upon their mortgage, *lis pendens* being filed March 13, 1893.    The defendants were not made parties.    The land was sold under the decree, and complainants received a commissioner's deed on June 29, 1894, upon a sale made June 1, 1894.

On the 15th day of August, 1894, the complainants filed the bill in this cause, claiming to own an undivided half of said premises, and that Robert D. Strong owned the other undivided half.    It alleges that defendant Lindsay "has an interest in said premises as tenant for years, for a five years' lease of said premises, which will expire April 1, 1896, by virtue of which he has one-third of all

the crops and proceeds of said land; said Robert D. Strong furnishing everything enabling said Lindsay to operate and carry on said farm." It alleges, further, that during the year 1894 there was raised upon the farm, by said Lindsay, a large quantity of produce, in which the complainants have a half interest, subject to the share and rights of the tenant, Lindsay, which the defendants denied. The bill prayed for a partition of the premises, and a division of the crops. A temporary injunction was issued, and a receiver appointed to take charge of the crops, and convert them into cash; and the defendants were required to deliver them over to the receiver, and also to resign to him the care and management of the premises. The case was heard on pleadings and proofs, and on January 14, 1895, the court made a decree, of which the following is the substance:

"Doth find that complainants are seised in fee simple of an undivided one-half interest, as tenants in common with Robert D. Strong, who is unmarried, of the premises described in said bill, and that said Elijah Lindsay has an interest in said premises as tenant for years under a five years' lease on shares, which will expire April 1, 1896, which is not in writing; that the complainants acquired their said title on June 1, 1894, by virtue of a chancery sale under a decree of said court on foreclosure of mortgage made July 17, 1889, by Homer N. Strong and wife to complainants; that on the said 1st day of June, 1894, complainants asserted their rights to said premises, and to the crops thereon, and made their said claim known to said Robert D. Strong; also demanded a division of said land and crops by letter of July 9, 1894, which letter was answered by said defendant Strong, July 17, 1894; that said defendant declined to recognize the rights of complainants in said premises, and the crops grown thereon; that the sale under said foreclosure proceedings was duly confirmed; that the allegations in the said bill contained are true; that a partition and division ought to be made as therein prayed.

"It is therefore ordered, adjudged, and decreed by the court that the complainants, Robert S. Moreland, James H. Moreland, and Eugene W. Crane, John Berdan, Harry T. Sinclair, and Edwin Jackson, and the defend-

ant Robert D. Strong, are each entitled to one-half of said premises, to wit [here follows the description of premises same as in bill of complaint]; and that division and partition of said premises be made; and that John M. Moreland and Thomas J. Lowery and Charles H. Roy, neither of whom appears to be connected with any of the parties by consanguinity or affinity, and who are entirely disinterested, be, and they are hereby, appointed commissioners to make partition of said premises; that each of said commissioners take and subscribe an oath or affirmation, as required by law, and honestly and impartially execute the trust reposed in them, make partition of the said premises, according to the rights and interests of the parties, and a true report make to the court; that the said commissioners shall go upon the premises and make partition thereof, allotting the several shares of the respective parties, quantity and quality relatively considered, according to their respective rights and interests as hereby adjudged, designating their respective shares by posts, stones, and other permanent monuments, and that, if necessary, they employ a surveyor with necessary assistance to aid therein; and that they report their respective actings and doings, under their hands and seals, to the court, as soon as practicable; but the question as to whom the crops belong, and in what proportion, is expressly reserved, and not yet decreed by said court.

"Victor H. Lane,
"Circuit Judge."

At this juncture, one Cook asked leave to file a petition in said cause, in which he alleged that on April 28, 1894, Robert D. Strong gave to him a mortgage upon his two-thirds interest in the wheat and oats raised upon said premises in 1894, for the consideration of, and to the amount of, $1,500, and praying that the receiver be directed to deliver up the said wheat and oats, and that the injunction be dissolved. Objections were filed to the filing of this petition:

"Now come the complainants, by Watts, Bean & Smith, their solicitors, and object to the filing of the petition of Chauncey F. Cook in said cause, for the following reasons:

"1. Because the notice in said cause is not properly entitled; does not show that said case is in chancery.

"2. Because said petition does not show said Cook to be entitled to any equities.

"3. Because the said petition does not show that said Cook has shown any diligence; does not show that he had not knowledge of the claimed facts set forth in his petition long before filing same.

"4. Because it does not show that the said claimed mortgage was placed on file with the town clerk where said property is situated, or where the mortgagor lived; and, in fact, the same was not filed until December 10, 1894.

"5. Because it does not appear from said petition that petitioner will be injured, and it does not appear that petitioner has not other security which is ample for his claimed debt.

"6. Because it appears from said petition that, before said pretended mortgage was filed, the receiver appointed by said court had possession of said property.

"7. Because petitioner, if he has any right, has a complete remedy at law.

"Dated January 26, 1895.

"WATTS, BEAN & SMITH,
"Solicitors for Complainants."

It does not appear that any further proceedings were had on said petition until April 9, 1895, when the following action was taken:

"This cause having been brought on to be heard on the petition of Chauncey F. Cook, who prays leave to file a petition in said cause, and after reading said petition and hearing the argument of counsel, and the court, being fully advised in the premises, doth order, adjudge, and decree that the said petition of the said Chauncey F. Cook may be, and hereby is, filed in said cause as of on the 28th day of January, 1895; and it is further ordered, adjudged, and decreed by the court that the relief therein prayed be, and the same is hereby, denied.

"VICTOR H. LANE,
"Circuit Judge."

On the same day a decree was made, approving and confirming the report of the commissioners, and requiring the complainants to pay one-half, and the defendants to pay the other half, of the costs; and a further hearing was had in relation to the crops, and a decree was made giving to

the complainants one-half, and to the defendants the other half, of the proceeds of the crops, after paying the costs and expenses of handling and converting said property into money, and the costs of said suit, and the receiver's reasonable charges, to be fixed and allowed by said court. The defendants and the petitioner, Cook, appeal, and the questions discussed relate to the crops, no controversy arising over the partition of the land.

The principal controversy is over the claim of the complainants that they are entitled to one-half of the crops raised by defendant Lindsay during the year 1894, some, if not all, of which were sown and planted before they took title under the commissioner's deed, but all of which were put in by Lindsay, at the expense of himself and Robert D. Strong. The defendants contend that Robert D. Strong was in the rightful possession and use of the premises; that he never excluded his brother or the complainants from their rights to enter, occupy, and use said land with him; and they maintain that, under such circumstances, one cannot be required to account to his co-tenant for a portion of the crops raised.

On the 29th day of June, 1894, the complainants became owners of the undivided moiety of said lands under their purchase at foreclosure sale, and entitled to all of the rights which Homer N. Strong had before such sale. They became at once entitled to enter and enjoy said premises, with Robert D. Strong, their co-tenant; and it is manifest that Strong could not lawfully monopolize the use of the land, either directly or through Lindsay. At the time the arrangement was made with Lindsay, Robert D. Strong could not make a valid lease of the entire premises, any more than he could make a valid sale and conveyance of the same. 11 Am. & Eng. Enc. Law, 1094, and note; *Mee* v. *Benedict*, 98 Mich. 263, 271 (39 Am. St. Rep. 543); Freem. Co-ten. §§ 183, 196, 205, 248. But we think it was not a lease. It was a mere contract, by which Lindsay undertook to perform certain services upon the land, Robert D: Strong furnishing seed, tools, and teams.

It bears a close resemblance to the employment of a clerk, to be paid for his services by a share of the profits of the business; and, as between themselves, they were tenants in common of the crops.

It is contended that the English rule should be applied, viz., that a person in possession by consent of his co-tenant cannot be required to account to his co-tenant for a share of the profits arising from his use of the premises; but we are of the opinion that this cannot be carried so far as to permit the co-tenant in possession to have the exclusive use of the premises, after entry or demand of possession, until the crop growing at the time of the entry or demand shall mature. As to such crops, the co-tenant may be permitted to share the proceeds, upon an accounting in equity upon a bill filed for partition, if justice requires it. See Freem. Co-ten. § 426; *Gage* v. *Gage*, 28 L. R. A. 842, 843 (66 N. H. 282), note; *Gayle* v. *Johnston*, 80 Ala. 395. And in such case the cost of production should first be deducted, which would amply protect the cropper. *Early* v. *Friend*, 78 Am. Dec. 668 (16 Grat. 21), note. Apparently, the complainants' bill, when drawn, was intended to concede this.

If Cook was a party before the court to a sufficient extent to have the right of appeal from the order denying him the right to intervene, we should still be compelled to affirm the order of the circuit court as to him. He professed to have a mortgage on two-thirds of certain crops, taken after foreclosure proceedings were commenced and *lis pendens* filed. The record showed that Homer N. Strong, having title to an undivided half of the premises, had given complainants a mortgage thereon; and Cook must be held chargeable with notice of that fact, and of the rule that a purchaser at a foreclosure sale takes the mortgagor's interest in the crop, even against a tenant or assignee. *Coman* v. *Thompson*, 47 Mich. 22. The chattel mortgage was given on April 28, 1894, some three months after the decree was entered in the foreclosure case, and after the commencement of publication of the

notice of sale. It was apparent that, before these crops could mature, some one would acquire the interest of Homer N. Strong in the premises, with all of his rights of possession and partition, which were necessarily incident. We must hold, therefore, that this chattel mortgage in no way affects the rights of the complainants; and, while it may be enforced against the interest of Robert D. Strong, it has nothing to do with this partition proceeding, and the court properly refused to allow the petitioner to intervene.

Lindsay, as well as Cook, made his contract with notice of the complainants' rights, and must be held to have known that the contract was subject to interruption. He cannot complain, therefore, if his one-third interest is subjected to a proportionate share of the expense of the receiver in harvesting and marketing the crop.

Complainants, on acquiring title, immediately demanded possession and a share of the crop, and were denied both. The court gave them one-half of the crops, apparently not taking account of the cost of raising the crop. This cut Lindsay off without anything for his labor, except as he might obtain it from the share of Robert, and the decree also made him liable for one-half of the costs in the partition case. It gave nothing to Robert D. Strong for his expenses in raising the crops, and left him, after paying Lindsay the agreed share, but one-sixth. While there is some evidence in the record upon the subject, we cannot form an accurate opinion of the amount that should be allowed to Robert D. Strong for his share of the expenses in raising said crop. We think that so much of the decree as relates to the crops should be modified by directing the allowance to Lindsay of one-third of the proceeds of the crop, less his one-third of the expenses of the receiver; that Robert D. Strong be allowed reasonable compensation for the use of teams, seed, and machinery, and the expenses reasonably incurred in raising, harvesting, and marketing the crop; and that the residue be divided equally between him

and the complainants, subject to the payment by each of one-third of the expenses,—the trial court to take further evidence, if it shall be by the judge deemed necessary, to ascertain the amount of said Strong's allowance. The defendants, Strong and Lindsay, will recover costs of this court against the complainants, and the complainants will recover costs against Cook.

The other Justices concurred.