OWINGS v. OWINGS.

1. TENANCY IN COMMON—POSSESSION BY CO-TENANT—RENTS—LIA-
BILITY.
   Where a son, after the death of his father, continues as before
   to reside upon the father's farm with others of his father's
   heirs, without objection from them or the other heirs, or any
   agreement respecting rents or profits, he is a co-tenant in pos-
   session with the consent of the other co-tenants, and as such
   is under no obligation to account for rents and profits.

2. EXECUTORS AND ADMINISTRATORS — PARTITION — ACTION — PAR-
TIES.
   An administrator is not a proper party complainant in a bill
   against an heir in possession for partition of intestate's realty
   and an accounting for rents and profits.

3. SAME—REAL ESTATE—DUTY TO SELL.
   Where there is insufficient personal estate to pay the debts of
   a deceased person, it is the administrator's duty to proceed to
   a sale of real estate in the probate court.

4. PARTITION—TIME—SETTLEMENT OF ESTATE.
   Heirs can legally proceed to partition the real estate of their
   ancestor before the settlement of his estate.

5. SAME—PROPRIETY.
   Where an administrator's sale of the real estate of a deceased
       150 MICH.—39.

person is necessary to pay debts, a suit for partition by the heirs is unnecessary, though actual partition is impracticable, since a division of the proceeds of the sale by the administrator, after payment of the debts, will accomplish the purpose.

6. SAME—BILL—WHEN SUSTAINED.

A bill for partition and for an accounting of rents and profits, filed by an administrator and certain of the heirs, though unauthorized as far as the administrator is concerned, and unnecessary on the part of the heirs, will be sustained as a bill for partition, and a sale ordered, where such course will be cheaper and more expeditious than to remand the case to the probate court to allow the administrator to proceed to sale.

Appeal from Eaton; Smith, J. Submitted October 21, 1907. (Docket No. 107.) Decided January 6, 1908.

Bill by Gulielmus E. Owings, George W. Rowley, administrator of the estate of Fox W. Owings, deceased, and others, against Francis C. Owings for a partition and for an accounting. From a decree for complainants, defendant appeals. Modified.

*Horace S. Maynard*, for complainants.

*Lyman H. McCall*, for defendant.

One Fox W. Owings died intestate in July, 1897, seised of a farm of 40 acres within the corporate limits of the city of Charlotte. Complainants and defendant are his sole heirs at law, Georgiana owning two-sixths and the others one-sixth each. For some years prior to his death he and the defendant had lived together on the farm, defendant doing all the work and dividing the proceeds equally with his father. There was a small amount of personal property upon the farm belonging to the estate, and some growing crops. There was some talk after the funeral about defendant's buying the interest of his cotenants but nothing came of it, and it does not appear that the subject was afterwards mentioned. Mrs. Stoner testified that defendant told her that there was no necessity for administration of the estate, but just when the conversation occurred she does not state. Gulielmus testi-

fied that he told defendant that there was no necessity for administration if he would buy out the others and that this conversation occurred when they returned from the funeral. Defendant continued to occupy the premises and is still in possession.

Georgiana made her home with defendant for about eight years after her father's death. Mrs. Stoner also lived there awhile thereafter. No further talk was had, and no steps taken until in July, 1904, when complainant Rowley was appointed administrator. He took possession of certain personal property of the estate and sold it, realizing $96.90. Defendant presented a claim against the estate for funeral expenses and the care of deceased. These were allowed by the commissioners,—the former at $149.40, and the latter at $550. The administrator appealed the claim for the care of the deceased to the circuit court, and it was there allowed at the sum of $400, a reduction of $150.

After the above proceedings, and probably in August, 1906, complainants filed this bill in equity, praying for a partition of the land among the heirs, for a sale if partition were impracticable, and a division of the proceeds, and for an accounting from defendant for the rents and profits and for the property he had used. Complainant Rowley prays that it be determined what proportion of the estate shall be delivered to him to pay debts and expenses of administration. To this bill defendant interposed a demurrer, which was overruled and he then answered. Proofs were taken, and the court entered a decree, charging defendant with 10 years' rent of the farm at $150 per year, $1,500, and for timber sold and converted to his own use, $60, and crediting him for taxes paid, repairs, claims allowed in circuit and probate courts and interest, amounting in all to $1,279.24, leaving a balance due from defendant to his co-tenants of $280.76. A sale of the land was decreed, the administrator directed to have his accounts established in the probate court, and the commissioner conducting the sale was directed to distribute the

proceeds to the respective parties according to the terms fixed by the decree.

GRANT, C. J. (*after stating the facts*).    1.  For some time prior to the death of the father he and his son, the defendant, occupied the premises jointly under an arrangement for a division of the crops.  Defendant's sisters, Georgiana and Mrs. Stoner, lived with them.   After the death of the father defendant continued in possession, his two sisters continuing to live there whenever they chose.   Defendant did not occupy the premises adversely; there was no agreement that he should pay rent or account to the others.   No co-tenant demanded possession or brought any suit in ejectment or otherwise to enforce his claim. The other co-tenants were free to come and go as they chose.   He paid the taxes and made repairs and improvements.   He was a co-tenant in possession by the consent of the other co-tenants, without any act or word indicating an understanding that he was to pay rent, or account for profits to his co-tenants.   The law in this State is settled that, under those circumstances, a co-tenant is under no obligation to account for rents and profits.   His occupancy was in his own right and for the interest of all. *Everts* v. *Beach*, 31 Mich. 136; *Wilmarth* v. *Palmer*, 34 Mich. 347; *Moreland* v. *Strong*, 115 Mich. 211; *Fenton* v. *Miller*, 116 Mich. 45; *In re Graff's Estate*, 123 Mich. 456.   The affirmance of the decree of the court below would result in overruling the above cases, and make a tenant in possession by the tacit assent of his co-tenants liable to account to them for the rental value of the property.   It follows that the decree in this respect must be reversed.

2.  The administrator was not a proper party complainant.   He had no interest in the partition of the land.   It is conceded that a partition was impracticable, and that it was for the interest of all that the land be sold and the proceeds divided.   This was patent to all the heirs, as well as to the administrator before suit was brought.   His

clear duty was, there being insufficient personal property with which to pay the debts, to proceed to a sale in the probate court. If the defendant was liable to any one for rent after the death of his father, it was not to the administrator but to the heirs. The heirs could legally proceed to partition before the settlement of the estate. *Campau* v. *Campau,* 19 Mich. 116.

The complainants, however, had no occasion to institute such suit to obtain their share of the property. A sale by the administrator and a division of the proceeds after payment of debts and expenses, would have accomplished the object and with the least expense. The undoubted purpose of the bill was to compel the defendant to account for the rental value of the property while he had been in possession and thus wipe out his claim allowed against the estate. The administrator was not justified in lending himself as a party complainant to assist his co-complainants in the accomplishment of this object.

The land involved is not of great value. It appears conceded that the parties in interest are poor. The bill can be sustained as a bill for partition. We are therefore disposed to affirm the decree authorizing a sale of the land and a division of the proceeds. This can be done now cheaper than to remand the case to the probate court to allow the administrator to proceed to sale. The sole claim against the estate is that of the defendant. When the account of the administrator is allowed by the probate court, the commissioner in the circuit court will pay over to the administrator the costs of administration and the debt allowed defendant, and distribute the balance among the heirs according to their respective interests. The defendant will recover costs against the complainant heirs, and as well against the administrator in his individual capacity, and not as administrator. The value of the timber will be accounted for on the final distribution.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.