FORLER *v.* WILLIAMS.

1. TENANCY IN COMMON—RIGHT TO ACCOUNTING BY COTENANT—PLEADING.

> Bill by cotenant for accounting for use and occupation of land states no case indicating liability to account, where it alleges no ouster, no promise to pay, and nothing to indicate that defendant occupied other than as of right as tenant in common.

2. SAME—ACCOUNTING MIGHT BE HAD IN PARTITION SUIT.

> Accounting for use and occupation of land by cotenant might properly be had in suit for partition.

3. JUDGMENT — RES JUDICATA — ESTOPPEL — TENANCY IN COMMON—RIGHT TO ACCOUNTING BY COTENANT—PARTITION.

> Tenant in common is estopped from having accounting for use and occupation of land by cotenant, where, in previous suit for partition, accounting was pleaded and tendered by said cotenant, but was disregarded by plaintiff.

Appeal from Wayne; Webster (Arthur), J. Submitted January 5, 1932. (Docket No. 25, Calendar No. 36,077.) Decided April 4, 1932.

Bill by Norman Forler against Thomas Williams for an accounting as to use of real estate. Bill dismissed. Plaintiff appeals. Affirmed.

*Louis B. Ver Wiebe,* for plaintiff.

*Lynch & Hinks,* for defendant.

CLARK, C. J. The bill was dismissed. Plaintiff has appealed. Facts are stated in *Forler* v. *Williams,* 242 Mich. 639, and in *Williams* v. *Richards,* 250 Mich. 165.

---

As to liability to account for use and occupation between tenants in common, see annotation in 28 L. R. A. 829; 29 L. R. A. (N. S.) 224; L. R. A. 1918B, 606; 27 A. L. R. 184; 39 A. L. R. 408.

Plaintiff by this bill seeks accounting of defendant, a tenant in common with him, for use and occupation of land. This bill states no case indicating liability to account. It alleges no ouster, no promise to pay, nothing to indicate that defendant occupied other than as of right as a tenant in common. *Everts* v. *Beach,* 31 Mich. 136 (18 Am. Rep. 169); *Davis* v. *Filer,* 40 Mich. 310.

Accounting was pleaded and tendered, but it was disregarded by plaintiff here, in the case of *Williams* v. *Richards, supra,* a bill for partition. There such accounting might have been proper. We quote syllabus of *Frenzel* v. *Hayes,* 242 Mich. 631:

"Although one cotenant may not recover rent from another cotenant who with his consent occupied the premises owned in common, yet where the question arises in partition proceedings in equity, and particularly when the possession has been exclusive, the court has recognized that in adjusting the equities of the parties the one who has had exclusive use and occupation of the premises should account therefor."

Partition in *Williams* v. *Richards,* to which parties here were parties, was decreed and decree affirmed. It is too late to have accounting, which the record indicates might have been had in connection with the partition, but not otherwise. Plaintiff is estopped.

Decree affirmed, with costs to appellee.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.