WALTON *v.* WALTON.

1. ACCOUNTING—BUSINESS MANAGER—SALARY—TENANCY IN COMMON.

   In woman's suit for accounting against her former husband as to electric business and real estate in which they were interested as tenants in common for over six months after decree of divorce, allowance to defendant of one-half of defendant's claim of $45 per week by circuit court commissioner is ordered reinstated, after denial by circuit judge, where defendant was in charge of the business under order of the court and the allowance by the commissioner was reasonable and proper.

2. TENANCY IN COMMON—RENT.

   Where different portions of a business and residence property were occupied by parties who had been husband and wife and holding title as tenants by the entireties, as tenants in common for several months after decree of divorce, neither was obligated to pay rent to the other.

3. ACCOUNTING—FINDING OF CIRCUIT COURT COMMISSIONER—TENANCY IN COMMON—RENTS.

   In suit for accounting between tenants in common of real property, finding of circuit court commissioner before whom proofs were taken, as to half of rents collected by defendant is approved in amount as found by him rather than in an increased amount as ordered by circuit court.

4. SAME—TENANCY IN COMMON—UNPAID CLAIMS.

   In suit for accounting between owners of business as tenants in common, defendant, who conducted the business *held,* entitled to deduct one-half of the unpaid claims from the one-half of the receipts awarded plaintiff.

5. SAME—TENANCY IN COMMON—REPAIRS IN LIEU OF RENT.

   Defendant in suit for accounting as to property owned by the parties as tenants in common *held,* not liable for half of rent for two months where he had not received any money but allowed repairs made by the tenant to offset the rent.

6. SAME—TENANCY IN COMMON—SHARE OF NOTE RECEIVABLE PURCHASED AS ASSET OF BUSINESS.

> Defendant who had purchased assets of business in which the parties had hitherto been interested as tenants in common at a sale ordered by circuit court *held*, not required to account to plaintiff for one-half of a note receivable where note was included in the sale, expressly mentioned in circuit court commissioner's bill of sale and plaintiff received her half of the proceeds of the sale.

7. SAME—TENANCY IN COMMON—DIFFERENCE BETWEEN INVENTORIES.

> Award of item as found by circuit court commissioner in suit for accounting, which represented half of difference between inventory of business assets shortly before plaintiff and defendant were divorced and inventory taken about six months later while they were owners as tenants in common and evaluating assets at less than one-third of previous inventory, is affirmed.

8. SAME—TENANCY IN COMMON—UNAUTHORIZED SERVICES.

> Where, after decree of divorce it was the intention of the court to place defendant in sole management of business then owned by parties as tenants in common but in which the parties had theretofore been jointly interested, plaintiff's claim for unauthorized services, rendered at her insistence and until expressly enjoined by court, is disallowed in her suit for accounting, brought after defendant's purchase of business at sale ordered by the court.

9. SAME—TENANCY IN COMMON—BUSINESS EXPENSES—COAL, WATER, GAS, INSURANCE.

> Claims under defendant's cross-bill for accounting for one-half of expenses for coal, water, gas and insurance incident to operation of business then owned by parties as tenants in common in amounts awarded by circuit court commissioner are allowed on appeal from decree of circuit court.

10. COSTS—APPEAL—ACCOUNTING.

> Upon defendant's appeal from decree in suit for accounting he is awarded costs of Supreme Court where modifications fully justify the appeal.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 14, 1938. (Docket No. 92, Calen-

dar No. 40,210.) Decided February 2, 1939. Rehearing applied for.

Bill by Ivy G. Walton against Homer D. Walton for an accounting. Cross-bill by defendant against plaintiff for an accounting. Decree for plaintiff. Defendant appeals. Modified and affirmed. Rehearing denied March 10, 1939.

*John P. Kirk,* for plaintiff.

*Hooper & Hooper,* for defendant.

WIEST, J. Defendant and plaintiff were formerly husband and wife and jointly interested in a business known as the Walton Auto Electric, in the city of Ypsilanti. They were divorced May 27, 1933. At the time of the divorce the parties held title to certain premises in the city of Ypsilanti and in Mt. Clemens, by entireties, and then and after the divorce the premises in Ypsilanti were used for the purposes of the business and as a residence by both parties, plaintiff occupying certain living rooms on the second floor and defendant the first floor and basement for the business and his own living quarters.

The divorce decree vested title to the real estate in the parties as tenants in common and the stock, merchandise, equipment, tools, machinery, bank account, automobile, truck, notes and accounts of the Walton Auto Electric, to be owned by the parties as tenants in common, each with an undivided half interest. After the divorce defendant conducted the business, in which both parties were so interested, until December 5, 1933, when the assets were sold by a circuit court commissioner, acting under order of the court, and purchased by defendant for the sum of

$1,605, confirmed by the court, and one-half of the purchase price paid to plaintiff.

March 20, 1934, plaintiff filed the bill herein for an accounting by defendant of the business and affairs conducted by him from the date of the divorce decree to the time of the sale of the business and assets on December 5, 1933.

Defendant answered the bill and filed a cross-bill. Proofs were taken before a circuit court commissioner, under order of the court, and findings made and reported. The commissioner found the sum of $1,944.14 due plaintiff. Exceptions were filed by both parties. Plaintiff moved the circuit court to enter decree for plaintiff for the sum of $2,806.33, plus costs and expenses.

The court decreed that "all claims of the plaintiff are true, and that the amounts claimed correct, with the exception of one-half of the cash on hand and which was in the bank on December 5, 1933, amounting to $89.60, and that the plaintiff is also entitled to the one-half of $97.50 costs which plaintiff paid or $48.75," and without further specification of items awarded plaintiff $3,586.03.

Defendant reviews by appeal, contesting allowances made to plaintiff and claiming error in the disallowance of claims under his cross-bill.

Defendant claims right to compensation for his services in managing the business during the period here involved and the commissioner fixed the same at $45 per week for the 27½ weeks and allowed him one-half thereof, amounting to $618.75. This allowance was denied by the circuit judge.

Defendant was in charge of the business under order of the court and the allowance by the commissioner was reasonable and proper and is reinstated.

The commissioner charged each party with sums for rental of parts of the premises in Ypsilanti, occu-

pied as before stated, and awarded plaintiff the sum of $402.50 against defendant.

The decree in the circuit court is for a gross amount to be paid by defendant, but it is apparent from the record that there is included therein the sum of $517.50, rental to be paid by defendant. Under the circumstances the court was in error in charging defendant with rent and the award is vacated. Neither party was obligated to pay rent to the other.

For a time defendant, as a tenant in common of the property in Mt. Clemens, collected the rents. The commissioner found that he should account to plaintiff to the amount of $146.71. The circuit judge fixed the amount at $197.73. We approve of the amount found by the commissioner.

The court also allowed plaintiff $433.26, being one-half of the receipts from the business during the mentioned period, with no deduction for unpaid claims. One-half of the unpaid claims amounts to $108.26, and the award in the circuit is reduced to $325. The award to plaintiff of $33.75, being one-half of rent from the Mt. Clemens property for December, 1933, and January, 1934, is vacated. The parties are tenants in common of the property and defendant did not receive any money but allowed repairs made by the tenant to offset the rent.

Among the assets ordered sold was a $100 note of Horton Randall. The note was included in the sale. The sale was confirmed and the note expressly mentioned in the commissioner's bill of sale to defendant, who was the purchaser at the sale, and plaintiff received her half of the proceeds of the sale, and her further claim for one-half of the amount of the note is disallowed.

Shortly before the decree of divorce on May 27, 1933, an inventory by defendant of the assets of the

business fixed the value thereof at the sum of $4,860.32, while another inventory by defendant just before the sale by the commissioner fixed the value of the assets at $1,565.87. Plaintiff claimed depletion of the assets by removals by defendant, and unaccounted for. The commissioner found that defendant should account for the difference between the two inventories, amounting to $3,294.65, and held defendant liable to plaintiff for the half thereof, or $1,647.32. Defendant contends that the first inventory was a "book inventory" for income tax purposes, while the last inventory was merely an estimate of what the stock and tools would be worth on a forced sale.

At the hearing defendant testified that in the first inventory for income tax purposes he thought it necessary to place an honest value on the stock and tools. The award of this item, as found by the commissioner, is affirmed.

It was the intention of the court to place defendant in sole management of the business but plaintiff insisted upon taking part therein until expressly enjoined by the court. Her claim for six and one-half weeks' salary for such unauthorized endeavor is disallowed.

Defendant's claims under cross-bill for one-half of expenses for coal, water, gas and insurance are allowed in amounts awarded by the commissioner.

The decree in the circuit court is modified to accord with this opinion and, as the modifications fully justify the appeal, defendant is awarded costs of this court.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.