FALKNER v FALKNER

1. APPEAL AND ERROR—FINDINGS OF FACT—CLEAR ERROR.

The Court of Appeals will not disturb a specific finding of fact made by a trial judge where the finding is not clearly erroneous.

2. JOINT TENANCY—REAL PROPERTY—ACCOUNTING—EXPENDITURES—CONTRIBUTION.

A cotenant who must account for rents, profits, or the value of occupancy and use, is entitled to a credit with respect to reasonable expenditures incurred incident to protection or maintenance of jointly-owned property; thus the costs of preparation of a strawberry field prior to a court order which required the cotenants to divide the land with respect to the portions to be harvested and to keep an accounting of the profits and expenses, should be assessed against the parties equally.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 December 4, 1974, at Grand Rapids. (Docket No. 19560.) Decided February 12, 1975.

Complaint by George Falkner against John Falkner for damages for malicious destruction of crops on jointly-owned land. Defendant counterclaimed for fair rental value of a portion of land used by the plaintiff. Judgment for defendant, with an adjudication of an accounting between the parties pursuant to a prior court order. Plaintiff ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 76.
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 40–47, 50–55.

peals. Affirmed in part, and remanded for further proceedings.

*Wise, Sayen & O'Connor,* for plaintiff.

*Spelman, Taglia, Meek & Lagoni,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. The first and most important thing to be understood and emphasized in this case is that it is *not* the traditional accounting case between joint tenants or tenants in common.

The threshhold issue of any right of either joint tenant to an accounting was not raised in the court below.[1] It is not raised, briefed or argued in this case.

The action began with plaintiff's complaint alleging malicious destruction of six acres of growing strawberry plants on a portion of the jointly-owned land. The multiple count complaint also seeks double or triple damages pursuant to statutes claimed by plaintiff to apply. The actual damage claimed is $16,000. The *ad damnum* clause is for $48,000.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] On the question of whether and under what circumstances a cotenant must account for benefits derived from commonly held lands, see generally: *Everts v Beach,* 31 Mich 136; 18 AR 169 (1875); *Wilmarth v Palmer,* 34 Mich 347 (1876); *Moreland v Strong,* 115 Mich 211; 73 NW 140 (1897); *Fenton v Miller,* 116 Mich 45; 74 NW 384 (1898); *Owings v Owings,* 150 Mich 609; 114 NW 393 (1908); *Nott v Gundick,* 212 Mich 223; 180 NW 376 (1920); *Zwergel v Zwergel,* 224 Mich 31; 194 NW 505 (1923); *Frenzel v Hayes,* 242 Mich 631; 219 NW 740 (1928); *Forler v Williams,* 257 Mich 686; 241 NW 823 (1932); *Walton v Walton,* 287 Mich 557; 283 NW 687 (1939); *Sullivan v Sullivan,* 300 Mich 640; 2 NW2d 799 (1942); MCLA 554.138; MSA 26.1108. See also: 27 ALR 184; 51 ALR2d 388; 48 CJS, Joint Tenancy, § 9, p 932; 20 Am Jur 2d, Cotenancy and Joint Ownership, §§ 41–42, 46, pp 132–134, 137–138.

The answer denies the allegation of malicious damage by plowing up the strawberries. It raises the affirmative defense that defendant can't be guilty of an act of trespass on land of which he has co-equal rights with the plaintiff.

He asserts further that by reason of the indivisible nature of the estate he could not be guilty of waste or conversion as alleged. Additionally he counterclaims contending that the land in question was not put to its optimum financial use, that he was excluded from his rightful co-equal management and control and deprived of his rightful fair rental value of the portion unlawfully used by plaintiff.

All of the foregoing is denied by plaintiff in his reply to the answer and his answer to the affirmative defenses.

The trial judge, prior to the trial proper, denied plaintiff's petition for a preliminary injunction from harvesting any of the strawberries in growth on the 18 acres of the involved parcel. At the same time he entered the following order. We quote:

"IT IS ORDERED AND ADJUDGED that plaintiff's motion for preliminary injunction be, and the same hereby is, denied.

"HOWEVER, IT IS FURTHER ORDERED AND ADJUDGED that both plaintiff and defendant are entitled to harvest the approximate eighteen (18) acres of strawberries in the following manner:

"First, the defendant shall forthwith divide said eighteen (18) acres into two (2) parcels; Second, the plaintiff shall then have his choice of which one of the two (2) parcels he desires to harvest and once this selection is made plaintiff shall have the sole right to harvest the strawberries growing on the parcel he so chooses; Third, defendant shall have the sole right to harvest the strawberries growing on the remaining parcel; Finally, each party shall keep a full and complete accounting of all monies received and disbursed in connection with the harvesting of the strawberries on their respective

parcels and each shall submit said accounting to the other party and to the court."

The parties complied and each filed his accounting as ordered. Plaintiff filed written objections to defendant's accounting. Defendant filed a reply thereto. Neither party sought an evidentiary hearing in connection with the accounting in the court below. Hence the right of neither one thereto is before us on appeal.

The trial judge thereupon proceeded to adjudication. He made a specific finding of fact that the alleged malicious destruction of the six acres of growing plants was not done by the defendant. The finding is not clearly erroneous and we are not free to disturb it. *Jarosz v Caesar Realty, Inc,* 53 Mich App 402; 220 NW2d 191 (1974). We have studied the opinion of the learned and experienced trial judge with extreme care. With his holding and his opinion we have no disagreement. The difficulty we face is that either by inadvertence or mathematical miscalculation, he did not do that which he expressly said he was going to do.

We have reworked the figures he used and applied his *ratio decidendi* thereto. We come up with the following anomalous result. What the trial judge did may be thus summarized:

| Costs | Plaintiff | Defendant |
|---|---|---|
| Preparatory costs | $ 7,757.89 | $ 0 |
| Harvesting & incidental costs after 5/21/73 | 11,751.89 | 8,785.95 |
| Total costs | $19,509.78 | $ 8,785.95 |
| Receipts | | |
| Income from harvest on each 9-acre plot | $22,724.10 | $11,958.25 |
| Result | $ 3,214.32 Net profit | $ 3,172.30[2] Net profit |

In calculating expenses versus receipts the judge allowed plaintiff to subtract only one half of his preparatory expenses, but at the same time defendant was required to pay nothing to plaintiff for these expenses.[3]

If we read the court's opinion in chief and his brief opinion on the motion for reconsideration we think the following computation is mathematically mandated.

PREPARATORY   COSTS—$15,515.79—before the court order of May 21, 1973, should have been divided between the parties equally. Therefore:

| Costs | Plaintiff | Defendant |
|---|---|---|
| Preparatory expenses | $ 7,757.89 | $ 7,757.89 |
| Harvesting & incidental costs after 5/21/73 | 11,751.89 | 8,785.95 |
| Total costs | $19,509.78 | $16,543.84 |
| Receipts | | |
| Income from harvest on each 9-acre plot | $22,724.10 | $11,958.25 |
| Result | $ 3,214.32 Net profit | $ 4,585.59 Net loss |

[2] We also note a slight discrepancy between the defendant's profit as stated in the defendant's own accounting and as found in the trial court's opinion. Defendant states that he derived a net profit of $3,172.30 from the crop. The trial judge noted defendant's profit as being some $3,172.20.

[3] The generally accepted rule seems to be that where a cotenant must account for rents, profits or the value of occupancy and use, he is entitled to a credit with respect to reasonable expenditures incurred incident to protection or maintenance of the property. See 20 Am Jur 2d, Cotenancy and Joint Ownership, § 52, p 142, citing *inter alia* *Fenton v Miller*, 116 Mich 45; 74 NW 384 (1898); *Walton v Walton*, 287 Mich 557; 283 NW 687 (1939). See also 51 ALR 2d 388, 464, and *Moreland v Strong*, 115 Mich 211; 73 NW 140 (1897).

We regret the necessity of remand. We suspect the trial judge may be somewhat disenchanted with the problems generated by the litigious brothers Falkner who were before him in a previous full blown trial in 1968. That case also ended up in this Court in 1970. See *Falkner v Falkner,* 24 Mich App 633; 180 NW2d 491 (1970).

We think the error, miscalculation or inadvertence, whatever it may be, is better reconsidered in the trial court with its facilities for taking further testimony if deemed necessary or possibly a revised accounting.

To the extent of his finding that defendant was not guilty of the claimed malicious destruction of the growing plants the trial judge is affirmed. As to the accounting aspect of the case the order denying the reconsideration is vacated and the case remanded for further proceedings. In this respect plaintiff has prevailed. Neither party having prevailed in full we award no costs.