### WALKER *v.* MARION.

1. TENANCY IN COMMON—AUTHORITY OF CO-TENANT.

   A contract by a tenant in common,. giving permission to erect sign and bill boards on the lands, is not binding on the co-tenants.

2. INJUNCTION—EVIDENCE—SUFFICIENCY.

   On a bill to enjoin the removal or destruction of sign or bill boards, evidence examined, and *held,* insufficient to sustain an allegation that the person with whom the complainant contracted for the right to erect the bill board had authority from the owners of the land to make the contract.

Appeal from Wayne; Donovan, J. Submitted December 8, 1905. (Docket No. 168.) Decided January 24, 1906.

Bill by Henry W. Walker and Harry C. Walker, co-partners as Walker & Co., against Sylvester T. Marion, Albert L. Melvin, and Anna L. Melvin to restrain the removal of certain bill boards. From a decree for complainants, defendants appeal. Reversed, and bill dismissed.

*William E. Henze*, for complainants.

*E. A. Fink*, for defendant Melvin.

BLAIR, J.   Sylvester T. Marion, his brother Adolph N. Marion, and Alexis Campau were tenants in common of certain real estate on the northeast corner of Fort street west and Scotten avenue, in the city of Detroit.   Campau owned an undivided one-half, and the Marions each an undivided one-quarter of the property.   In May, 1903, Sylvester T. Marion filed a bill for partition of these and other lands, resulting in a decree for partition and the appointment of commissioners on October 22, 1903.   January 13, 1904, the report of the commissioners was filed, setting off to Sylvester T. Marion, in severalty, the property in question.   February 9, 1904, an order nisi was entered, confirming the partition as made unless objection was made within eight days.   June 9, 1904, the final decree was entered.   On September 24, 1903, the complainants herein entered into the following agreement with Adolph N. Marion, viz. :

"DETROIT, Sept. 24, 1903.
" In consideration of the sum of forty-five ($45) dollars per annum, payable semi-annually, permission is hereby granted Walker & Co. to occupy space for bill board and advertising purposes at premises known as northeast corner of Fort street west and Scotten avenue, northwest corner of Champlain and Riopelle streets for one year, or until space occupied shall be required for other uses than advertising and bill board purposes.   And when so required, it will give Walker & Co. twenty days' notice to have removed their board.

" Should the view of the boards become in any way obstructed, the lessee may terminate this lease, and the lessor shall refund to the lessee the amount paid in ad-

vance pro rata for the unexpired term above mentioned. The boards placed upon the premises under this lease shall remain the property of the lessee.

"Received Sept. 24, 1903, on account of above, $22.50 in full from Sept. 18, 1903, to March 18, 1904.

"Name, A. N. Marion. Address, Chamber of Commerce.

"Terms and conditions fully accepted by us.

                                 "WALKER & CO.
                                       "S. KING."

Under this agreement, the complainants, who were rivals of the defendant Melvin in the sign advertising and bill-posting business, maintained a bill board 150 feet long and 12 feet wide, and, above this, a sign board 50 feet long and 12 feet wide. In April, 1904, defendant Sylvester T. Marion notified complainants that he was the owner of the premises and demanded that they vacate them, which they promised to do in a week or 10 days. The boards not having been removed, complainants were notified a second time and agreed to remove them in four or five days, and thereupon Sylvester entered into the following agreement with defendant Melvin, viz.:

                        "DETROIT, MICH., May 1, 1904.

"For and in consideration of $100, to be paid S. T. Marion in advance, I hereby lease to A. L. Melvin, manager of the Melvin Sign Co., the privilege of erecting and maintaining signs and bill boards on my premises, being lot on northeast corner of Fort and Scotten streets, said lot being 60 feet on Fort and 200 feet on Scotten, for the term of one year from May 1st, 1904, and they are to maintain the same without let or hindrance.

[Signed]       "S. T. MARION,
                        "2407 Wayne Ave., Chicago, Ill."

Indorsed on the back:

"Received $25 from the Melvin Sign Company for rent.
                                 "S. T. MARION."

Complainants made no payments on the lease after the first. They offered to make the payment due March 18th to Adolph Marion, but he refused to receive it. "He

said it was in the air." On Sunday, May 8th, defendants entered upon the premises and cut, tore down, and practically destroyed complainants' bill board and partially erected their own. On May 9th complainants filed the bill of complaint herein, alleging:

"That they occupied the premises under a written agreement, still in force, with Adolph N. Marion, who owns an interest therein and who is the authorized agent for the other owners; that on the preceding day, Sunday, May 8th, defendants entered on the premises and cut down complainants' bill board, and that complainants believe defendants Melvin intend to enter into possession of the premises and erect thereon a bill board of their own [they being also in the same business as complainants], and that complainants would suffer great loss and injury thereby, the amount of which would be difficult to determine; that there are no buildings on the premises, and that complainants fear defendants would again tear down and destroy complainants' bill boards, should they repair or erect them; and that a number of trespasses and causes of litigation would thus arise; and also praying for damages against defendants for injury to their bill boards."

An injunction was issued restraining defendants from interfering with complainants or erecting a bill board upon the premises. On June 29th the defendant Sylvester T. Marion conveyed the premises to Barbara A. Schoneman, who, in July, caused the complainants' boards to be cut down and removed; whereupon complainants abandoned the premises. The court, upon the hearing, found that complainants had sustained damages to the amount of $150, and decree was entered for that amount, from which defendants appeal.

The complainants' bill of complaint was founded upon the allegation "that they occupied the premises under a written agreement, still in force, with Adolph N. Marion, who owns an interest therein and *who is the authorized agent for the other owners.*" The proofs failed to show that Adolph was the authorized agent of the other owners. On the contrary, the proofs show that Adolph's authorized agency expired in 1902, and that thereafter he had no

authority over the premises in question save such as flowed from his ownership of an undivided one-quarter thereof. As such tenant in common, his agreement was not. binding upon his co-tenants, whose rights in the premises remained unaffected thereby. 17 Am. & Eng. Enc. Law (2d Ed.), pp. 673, 674; *Moreland* v. *Strong,* 115 Mich. 211. Adolph recognized that he had no right to deal with the premises when he refused to receive the second installment of rent, and complainants recognized the same fact by tendering the rent to Sylvester, and, when he refused to receive it, agreeing to move out.

The case made by the bill was not supported by the proofs. Complainants were not entitled to the exclusive possession of the premises. The defendant Sylvester had never recognized any authority in Adolph to grant any such possession, but, on the contrary, had instituted proceedings against him in chancery, resulting in a decree on September 3, 1903, that the agreement for such authority had expired on March 31, 1902, and ordering a reconveyance by Adolph to Sylvester of his undivided one-fourth interest, which was so conveyed on September 4, 1903. The defendants were, at least, equally entitled to possession with complainants; and, for any injuries to complainants' property, they have an adequate remedy at law.

The bill is dismissed, with costs to defendants.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.