LEE *v.* LIVINGSTON.

1. EJECTMENT—LOCATION OF LAND—EVIDENCE.

Where the declaration in ejectment describes the land correct-
ly, and a patent from the government, also describing it, is
introduced in evidence by plaintiff, and not disputed or ques-
tioned, a claim that it is not shown that the land is in the
county in which the venue is laid is untenable.

2. SAME—TITLE OF PLAINTIFF.

Where plaintiffs in ejectment introduce in evidence, and claim
title under, a patent which is not questioned or disputed, a
claim that plaintiffs are not shown to have had an interest in
the lands at the time of beginning suit is without merit.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUESTIONS NOT
RAISED BELOW.

A question not raised in the trial court will not be considered
on error.

4. EJECTMENT — JUDGMENT FOR PLAINTIFF — DEFENDANT'S INTER-
EST.

Defendant in ejectment is not injured by an error in rendering
judgment for joint plaintiffs wherein their several interests
are not correctly stated.

5. TENANCY IN COMMON—RIGHTS OF TENANT—LEASE.

One tenant in common cannot make a valid lease of the entire
premises.

6. ADVERSE POSSESSION—TENANCY IN COMMON—LEASE—TAX TITLE.

Where a defendant in ejectment claims title by virtue of pos-
session under a tax deed and that a lease under which he
entered was abandoned by agreement with the tenant in
common under whom he entered, it is the character of his
entry and not the person with whom the lease was made that
controls.

7. SAME—TAX TITLE—ENTRY.

Entry under a tax title, or something equivalent thereto, is
necessary to set in motion the limitation in favor of a tax
title purchaser found in section 73 of the general tax law, as
amended by Act No. 262, Pub. Acts 1899.

8. SAME—TENANCY IN COMMON—CHARACTER OF ENTRY.

Entry under a contract with a tenant in common of lands is

not hostile to their title whether the contract, being made with only one of them, is binding upon them or not.

9. SAME—CHANGE OF CHARACTER OF POSSESSION.

Where the owner of a dower interest in lands, unassigned, assumed to demise the entire premises to defendant, and he entered under the contract, his possession could not afterwards become hostile to the title of the owners of the fee by agreement of acquiescence of the owner of the dower interest.

10. TAXATION—TAX TITLE—SETTING ASIDE—IMPROVEMENTS.

Where, in ejectment against one claiming under a tax title, plaintiff recovers without an adjudication as to the validity of the tax title, no question as to defendant's improvements made upon the land arises.

Error to Mackinac; Shepherd, J. Submitted January 12, 1906. (Docket No. 65.) Decided March 5, 1906.

Ejectment by Margaret Lee and others against Anthony Livingston and Mary Livingston. There was judgment for plaintiffs on a verdict directed by the court, and defendants bring error. Affirmed.

*Louis H. Fead*, for appellants.

*Henry Hoffman*, for appellees.

OSTRANDER, J. The action is ejectment. Plaintiffs, who are respectively widow and heirs of Joseph Anderson, deceased, had verdict by direction of the court and judgment. Plaintiffs' title is by patent from the United States, issued August 6, 1889, upon a homestead entry. Defendants, who are husband and wife, claim the title through a tax deed for the taxes of the year 1894, issued May 24, 1898, upon a purchase made September 13, 1897, by defendant Anthony Livingston. October 21. 1896, plaintiff Margaret Lee, her husband, John Lee, joining in the lease, by a writing, leased the land to Anthony Livingston for three years; the consideration being payment of the taxes each year and the seeding down of the place. The writing was not signed by either of the de-

fendants. Several of the plaintiffs are infants. Some
improvements were made by defendants, for the value of
which a claim was filed. Defendants gave notice, also,
with their plea, that they would prove five years of actual
and undisputed possession under said tax deed. The
learned trial judge was of opinion that having entered
upon the land under the said lease, the defendants were
not permitted to set up a title in themselves without first
yielding possession; that there was no evidence of such
surrender and therefore defendants were to be treated as
being in possession under plaintiff's title. This ruling dis-
posed, also, of the claim for improvements. The main
question is raised by this ruling. Minor questions raised
are (1) that it was not shown that the land is in Mackinac
county; (2) that plaintiffs were not shown to have an in-
terest in the lands at the time of beginning suit; (3) that
the proof shows that Joseph Anderson had eight children,
one of whom died, but whether before or after her father
does not appear; that, consequently, the recovery per-
mitted of an undivided one-seventh of the land in fee by
each of the plaintiffs other than the widow is not sup-
ported by the evidence.

There is no merit in any of these objections. The patent
describes the lands in question and the undisputed proof
is that they were occupied by Joseph Anderson and later
rented to Livingston. The description in the patent and
in the declaration is of land in Mackinac county. Plain-
tiffs put in evidence the patent and claimed title under it.
It is not disputed or questioned by evidence. The third
point was not raised in the court below. In any event, de-
fendants are not injured.

As to the main question. Defendant testified that he
moved upon the land in April, 1897; that nothing was
said about back taxes, but he was to pay taxes for 1896,
1897, 1898, and 1899; that he supposed he had signed the
lease until he gave it to his attorney in this case. The
present Mrs. Livingston did sign the paper as Mary Mc-
Alpine, but as a witness merely. That he knew plain-

tiffs, had known Mrs. Lee for upwards of 20 years; that, in the fall of 1896, he —

"Rented the place occupied by the Andersons at the time of Joseph Anderson's death. We agreed that I was to rent the place, I was to pay the taxes on the place for each year for the use of it; and there was nothing said about the 1896 tax, but the 1896 tax, I said I would pay. I said this when I made out the lease. * * * At the time this lease was made out, we had some talk relative to who should make out the lease. * * * I told her [Mrs. Lee] to go to a justice of the peace and have it made out, or somebody that understood it. She said, no, we could make it out between ourselves, it would do just as well."

Defendants offered the tax deed in evidence, and gave no other or further proof of title, and they assert that having occupied under it for five years or more it is a good title. What ruling should be made if defendants had gone further and established the validity of the title asserted, or had given the notice required by section 140 of the general tax law (Act No. 229, Pub. Acts 1897)—*Adkin* v. *Pillen,* 136 Mich. 682—need not be determined. They further assert, and the testimony warranted the jury in finding, that Mrs. Lee and other of the plaintiffs, but not all of them, knew and assented to the abandonment of the agreement under which defendant entered and knew of and acquiesced in his claim of right under the tax deed. From these facts it is argued that having made the contract of leasing with Mrs. Lee only, defendant did not occupy the relation of tenant with the other plaintiffs and was under no obligations to inform them of the character of his holding or his claim of ownership. One tenant in common cannot make a valid lease of the entire premises (*Moreland* v. *Strong,* 115 Mich. 211), and none of the plaintiffs except the widow were bound by the lease which was made. Nevertheless, upon the question here, it is the character of defendants' entry, and not the person with whom the lease was made, which must control. And although the defendant owed no duty to pay

the tax of 1894, which had become a lien upon the premises before his entry, an entry under the tax title, or something equivalent to an entry, was necessary to set in motion the statute of limitations (section 73 of the general tax law, as amended by Act No. 262, Pub. Acts 1899), to the benefit of defendants. *Gilman* v. *Riopelle*, 18 Mich. 145; *Reilly* v. *Blaser*, 61 Mich. 399; *Sands* v. *Davis*, 40 Mich. 14. The owner of a dower interest, unassigned, assumed to demise the entire premises to defendant. He entered under the contract. Whether the agreement was or was not binding upon the owners of the fee, the entry made was not hostile to their title. Nor after entry could it become hostile as to them by the agreement or the acquiescence of the owner of the dower interest. It is not claimed that all of the fee owners had notice, express or implied, of any change of relations during the period of the demise. It is not claimed that five years elapsed between the expiration of the lease and the beginning of suit, and no question is raised of the right of defendants to assert the tax title after the expiration of the tenancy. As the tax title has not been set aside, there is, properly, no question here of improvements made on the land.

The court reached a proper conclusion, and the judgment is affirmed.

McAlvay, Grant, Blair, and Montgomery, JJ., concurred.