QUINLAN INVESTMENT COMPANY v THE MEEHAN
COMPANIES, INC

Docket No. 98029. Submitted April 11, 1988, at Detroit. Decided
September 20, 1988.

Richard Russell, Edward Russell, Jr., Chi Beta Limited, Inc., and
Quinlan Investment Company, as tenants in common, acquired
certain real property adjacent to a highway in Macomb County.
They entered into a co-ownership agreement prohibiting the
sale, transfer or other disposition of each cotenant's undivided
interest in the property for a thirteen-month period, and re-
quiring thirty days written notice of any such intended disposi-
tion thereafter. Fourteen months later and without notice to
the other cotenants, Chi Beta leased three specific parcels of
the property to The Meehan Companies, Inc., who in turn
sublet the parcels to Gannett Outdoor Company of Michigan.
Quinlan Investment Company and the Russells brought an
action in the Macomb Circuit Court against Meehan, Gannett
and others, seeking to evict Meehan from the property. The co-
ownership agreement expired. The interests of Chi Beta and
Quinlan in the property eventually devolved to United States
Mutual Financial Corporation. The trial court, John B. Bruff,
J., granted summary disposition in favor of Meehan, ruling
that there were no genuine issues of material fact and that
Meehan was entitled to judgment as a matter of law. The
Russells appealed.

The Court of Appeals *held:*

1. Generally, cotenants can agree by contract to restrict the
right to lease their undivided interest in the property to others.
However, it does not follow that a lease executed in breach of
such a restriction is necessarily void. In a tenancy in common,
each tenant has a separate and distinct title to an undivided
share of the whole and each tenant is entitled to possession of
the whole and every part thereof, subject to the same right in
the other cotenants. Thus, while a cotenant's lease of his own
interest in the property is not binding on the other cotenants,

REFERENCES

Am Jur 2d, Cotenancy and Joint Ownership §§ 94 *et seq.*
Effect of lease given by part only of cotenants. 49 ALR2d 797.

in the absence of authorization or ratification, it is not void and may bind the lessor's undivided interest. Here, Chi Beta's lease to Meehan is valid and Meehan may enter and use the premises subject to the same right of the other cotenants.

2. By not raising it in the trial court, the Russells have waived appellate review of their claim that the lease is invalid because the lessee failed to make diligent inquiry regarding the existence of the co-ownership agreement and the restrictions contained therein.

3. Generally, a cotenant cannot, without consent or subsequent ratification, convey by metes and bounds a specific parcel of the common estate. Here, however, Chi Beta had a right as cotenant to possess the whole and share in possession of the specific parcels it leased to Meehan. The limited nature of the lease does not necessarily render the lease void as between the lessor and lessee and the nonjoining cotenants must respect the rights acquired under the lease.

4. The fact that United States Mutual, as successor to Chi Beta's interest, did not recognize the lease is not material since, as grantee under a quitclaim deed, United States Mutual acquired the right and title of Chi Beta and no more.

5. The trial court's grant of summary disposition was proper since the Russells failed to oppose the motion for summary disposition with a showing of a genuine issue of material fact.

Affirmed.

TENANTS IN COMMON — LEASES.

A lease of a portion of real property entered into by one of several individuals who own the entire property as tenants in common, which lease is in violation of an agreement among the tenants in common, is valid between lessor and lessee, and the tenants in common who did not join in the lease may not bring an action to evict the lessee from the property but may seek relief in an action for the breach of the agreement or in an action for partition or to recover their share of the rent realized from the lease.

*Campbell, O'Brien & Mistele, P.C.* (by *Henry E. Mistele*), for plaintiffs.

*Driggers, Schultz, Herbst & Patterson* (by *Thomas E. Gunton*), for the Meehan Companies, Inc.

*Bodman, Longley & Dahling* (by *James J. Walsh*

and *Ralph E. McDowell*), for Gannett Outdoor Company of Michigan.

Before: DANHOF, C.J., and MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. In this action to evict a lessee of real property, plaintiffs Richard Russell and Edward Russell, Jr., appeal as of right from a Macomb Circuit Court order granting summary disposition under MCR 2.116(C)(10) in favor of defendant Meehan Companies, Inc. The principal issue presented for our consideration is whether two cotenants of the property (the Russells) can evict a lessee of specific parcels of the property (Meehan) as a trespasser when another cotenant (Chi Beta Limited, Inc.) leased the property in violation of a co-ownership agreement. We hold that the cotenants could not evict the lessee and, in view of the lack of any genuine issue of material fact, affirm the trial court's decision. It was stipulated below that the court's decision would also apply to Meehan's sublessee, defendant Gannett Outdoor Company of Michigan, and thus our holding also applies to Gannett.

The real property in question was located adjacent to a highway in Macomb County. It was acquired by the Russells, Chi Beta Limited, Inc., and Quinlan Investment Company as tenants in common on October 9, 1979. That same day, the cotenants entered into a co-ownership agreement prohibiting the sale, transfer or other disposition of each cotenant's undivided interest in the property for thirteen months, and requiring thirty days written notice of any such intended disposition thereafter.

Fourteen months later, Chi Beta, through its

---

* Circuit judge, sitting on the Court of Appeals by assignment.

executive vice-president Henry Clay Bagley, leased three specific parcels of the property to Meehan for the purpose of erecting billboards. Meehan, in turn, sublet the parcels to Gannett. It is not disputed that Chi Beta failed to comply with the written notice requirement of the co-ownership agreement.

The co-ownership agreement expired on October 8, 1984. The next month, Quinlan and the Russells commenced this action to evict Meehan and Gannett. Other claims not at issue in this appeal were then filed by the cotenants and lessees. Chi Beta eventually quitclaimed its interest in the property to Quinlan which, in turn, quitclaimed its interest to the Detroit Bond & Mortgage Company. The current owner of Quinlan and Chi Beta's undivided interests in the property, United States Mutual Financial Corporation, is not a party to this action.

Meehan moved for summary disposition under MCR 2.116(C)(10) on its complaint for eviction in 1986. In granting summary disposition in favor of Meehan, the trial court ruled that the Russells were not entitled to the relief they sought, namely, a judgment of possession and costs and an order evicting the occupants, because this would deprive the lessee (Meehan) of its right of possession.

On appeal, the Russells challenge the trial court's decision on several grounds, none of which demonstrate error. First, the Russells rely on the restriction in the co-ownership agreement and the legal incidents of a tenancy in common to argue that they could evict Meehan as a trespasser. We disagree.

With regard to the co-ownership agreement, the Russells correctly state the general rule that cotenants can agree by contract to restrict the right to lease their undivided interest in the property to

others. 20 Am Jur 2d, Cotenancy and Joint Ownership, § 94, pp 193-194. However, it does not follow that a breach of such a restriction voids the lease.

A tenancy in common is a legal estate, MCL 554.43; MSA 26.43, with each tenant having a separate and distinct title to an undivided share of the whole. Each is entitled to possession of the whole and every part thereof, subject to the same right in the other cotenants. 20 Am Jur 2d, § 98, p 198; 24 Callaghan's Michigan Civil Jurisprudence, Tenants in Common and Joint Tenants, §§ 7 and 10, pp 146, 150-151; *Merritt v Nickelson,* 407 Mich 544, 555; 287 NW2d 178 (1980) (Moody, J., concurring).

Thus, while a cotenant's lease of his own interest in the property is not binding on the other cotenants, in the absence of authorization or ratification, it is not void and may bind the lessor's undivided interest. 20 Am Jur 2d, § 96, pp 195-196; see *Walker v Marion,* 143 Mich 27; 106 NW 400 (1906), and *Shell Oil Co v Estate of Kert,* 161 Mich App 409, 424; 411 NW2d 770 (1987). Simply put, the lessee steps into the shoes of the cotenantlessor and may enter and use the premises subject to the same right of the other cotenants.

Here, Chi Beta was restricted by the co-ownership agreement from leasing its interest in the property, and it is not disputed that Chi Beta violated the restriction. Nevertheless, Chi Beta's interest in the property was derived from a separate instrument granting it a right to possession of the entire premises, and its lease of that possessory interest was valid. The Russells' remedy for Chi Beta's failure to comply with the restriction lies in an action for breach of contract against Chi Beta, not in an action for eviction against the lessee. In this regard, we note that the parties contemplated the possibility of breach in ¶¶ 10 and

11 of the co-ownership agreement, with ¶ 10 establishing a default escrow agreement in view of the impossibility of calculating damages and ¶ 11(b) identifying an event of default as "[t]he failure to fully comply with all other terms, conditions, and covenants of this Co-Ownership Agreement."

The Russells also suggest that the lease was invalid because the lessee failed to make diligent inquiry regarding the existence of the co-ownership agreement and the restrictions contained therein. The Russells' having failed to raise this question below, we will not consider it on appeal. See *Earl v White,* 155 Mich App 152, 158; 399 NW2d 40 (1986).

We next consider the Russells' claim that they could evict Meehan because Chi Beta leased a specific portion of the property, rather than its undivided right to possess the whole. Again, the Russells correctly state the rule that a cotenant cannot, without consent or subsequent ratification, convey by metes and bounds a specific parcel of the common estate. See *Pellow v Arctic Iron Co,* 164 Mich 87; 128 NW 918 (1910). Absent an agreement to the contrary, this general rule applies, as a matter of property law, as a legal incident of the tenancy in common. However, the issue we must decide is not whether Chi Beta exceeded its authority as a cotenant by leasing specific parcels of the property. This fact is not disputed. Rather, we must decide whether the Russells can evict Meehan upon its entry to the property under the lease. See *Lee v Livingston,* 143 Mich 203, 206-207; 106 NW 713 (1906).

Since the lessee of specific parcels does not have an undivided right to possess the whole, it can be argued that the lessee does not truly stand in the shoes of the lessor. *Rogers v Kelly,* 66 NC App 264; 311 SE2d 43 (1984). On the other hand, the lessor-

cotenant, having a right to possess the whole, would have had a right to share in possession of the specific parcels and, thus, the limited nature of the lease does not necessarily render the lease void as between the lessor and lessee. 20 Am Jur 2d, § 98, pp 198-199. In Michigan, such a lease is valid as to the contracting parties and the nonjoining cotenants must respect the rights acquired. *Pellow, supra,* pp 92-94; Callaghan's Michigan Civil Jurisprudence, § 23, p 169. Even in an action for partition, equity will step in to protect the lessee if such can be done without injury to the rights of the other cotenants. *Pellow, supra,* p 93; 20 Am Jur 2d, § 101, pp 202-203.

In view of these principles, we conclude that the only event which may possibly support the Russells' complaint for eviction is if the lessee, after being let into possession to erect billboards, claims an exclusive right to the property under title adverse to the other cotenants since this would be contrary to the other cotenants' undivided right to share in possession. *Prairie Oil & Gas Co v Allen,* 2 F2d 566, 572 (CA 8, 1924). In the proceedings below, however, Meehan submitted an affidavit in support of its motion for summary disposition averring that Meehan claimed Chi Beta's interest in the property as a tenant in common, and did not claim entitlement to the exclusive use of the entire property. In opposition to the motion, the Russells failed in their burden to show any genuine issue of disputed fact. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988). To the contrary, the Russells sought their own exclusive use of the property by ousting the occupants who entered under a valid lease. We agree with the trial court's decision that the Russells were not, as a matter of law, entitled to such a remedy. The remedy for Chi Beta's unauthorized

act lies in an action for partition, or one to recover their share of rents. *Pellow, supra; Shell Oil Co, supra,* pp 424-425.

We also reject the Russells' claim that the lease was invalid because the successor to Chi Beta's interest, United States Mutual, averred in an affidavit that it did not recognize the lease. The fact that United States Mutual does not recognize the lease is not a material fact since the grantee of a quitclaim deed acquires the right and title of the grantor and no more. *Brownell Realty, Inc v Kelly,* 103 Mich App 690, 695; 303 NW2d 871 (1981), lv den 413 Mich 860 (1982). In any event, the Russells have failed to demonstrate their standing to raise any objection of United States Mutual to the validity of the lease.

Finally, we find no merit in the Russells' conclusory argument that they could have proven fraud. Again, the issue in this case is whether the Russells can evict Meehan as a trespasser. Meehan moved for summary disposition on this issue, and the Russells failed to oppose the motion with a showing of a genuine issue of material fact. *Metropolitan Life Ins Co, supra,* pp 118-119. While the Russells may be entitled to some other remedy for Chi Beta's unauthorized leasing of the property, the trial court correctly ruled based on the record before it that the Russells were not entitled to the remedy of eviction as a matter of law. Meehan was not a trespasser.

Affirmed.