FENTON v. MILLER.

1. ESTATE IN EXPECTANCY—WHAT CONSTITUTES—DEED—AFTER-ACQUIRED TITLE.

To constitute an estate in expectancy, under 2 How. Stat. § 5524, some legal title must exist, possession under which is postponed to a future period. Therefore, a deed purporting to convey all interest, "as well in possession as in expectancy," in and to a certain parcel of land, executed by the owner of an undivided interest in fee, will not operate to vest in the grantee an interest thereafter devolving upon the grantor by inheritance, the same not constituting an "estate in expectancy," within the meaning of the statute.

2. TENANCY IN COMMON—ADVERSE POSSESSION—EVIDENCE.

Testimony by the wife of a tenant in common of land, to the effect that her claim of adverse possession is based upon her continuous possession from the time of her marriage, is insufficient to establish title by adverse possession as against her husband's cotenants, there being nothing to indicate that such possession was hostile to their rights.

3. SAME—EJECTMENT—PROOF OF OUSTER.
    In ejectment by a tenant in common against his cotenant,
    a plea of adverse possession, interposed by the defendant in
    another suit between the parties, is competent evidence of an
    ouster as of the date when the plea was filed; but the aver-
    ments of fact contained in the plea are not conclusive upon
    the plaintiff.

Error to Mackinac; Adams, J.   Submitted January 10,
1896.   Decided January 28, 1896.

Ejectment by Charles B. Fenton against Anna M. Mil-
ler and others.   From a judgment for plaintiff on verdict
directed by the court, defendants bring error.   Affirmed.

*James McNamara* (*T. E. Tarsney*, of counsel), for
appellants.

*Henry Hoffman* (*C. R. Brown & Son*, of counsel), for
appellee.

GRANT, J.   The history of this litigation, and the facts
connected therewith, are sufficiently stated in *Fenton* v.
*Mackinac Circuit Judge*, 76 Mich. 405, and *Fenton* v.
*Miller*, 94 Mich. 204.   After the decision in 94 Mich., the
defendants took a new trial under the statute, were again
defeated, and again bring the case to this court for review.
We find no evidence in the present record to change the
results then reached.

1. It is again urged that the deed from George T. and
Jacob A. T. Wendell of their undivided interest to their
sister Eliza created an estate in expectancy, and therefore
destroyed the relation of tenancy in common.   This same
question was before us in the former hearing, and decided
against the defendants.   It is therefore *stare decisis*.
George and Jacob each possessed an undivided interest.
Neither had any estate in expectancy to convey.   An es-
tate in expectancy is defined in the statute to be " where
the right to the possession is postponed to a future period."
2 How. Stat. § 5524.   In order to create such an estate,

some legal title must exist to which the right of possession is postponed to some future period. George and Jacob each owned in fee an undivided interest. This alone they purported to convey. The expression " as well in possession as in expectancy " had sole reference to the title conveyed, and not to anything which they might subsequently acquire, by purchase or otherwise.

2. For the purpose of showing ouster, the plaintiff introduced the files in the partition suit, including the plea, which set up a claim of adverse possession, and also the testimony of defendant Miller taken in that case, in which she testified that her claim was based upon her continuous possession from her marriage down to the date of bringing this suit. There is nothing in her testimony inconsistent with the theory that her possession was the same as her husband's possession, and that both were in possession as tenants in common. The testimony, being entirely consistent with the possession of a tenant in common, did not tend to establish the fact of adverse possession. The truth of the plea was not admitted, and its averments were not binding upon the plaintiff in this suit. It was competent evidence of a denial of the plaintiff's rights at the time the plea was filed, and therefore of an ouster at that time. This point was in fact decided in the former opinion. See paragraph 3, p. 211, 94 Mich.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.