FENTON *v.* MILLER.

1. TENANCY IN COMMON—USE AND OCCUPATION—ALLOWANCE FOR ON PARTITION—STATUTES.

2 How. Stat. § 5778, which provides that one tenant in common may maintain an action for money had and received against his co-tenant for receiving more than his just proportion of the rents and profits, and which is construed to justify a recovery only for moneys actually received, exclusive occupancy not being sufficient to create a liability under the statute, does not impair the right of a tenant against whom the premises have been held adversely by his co-tenant to have an allowance made in partition proceedings for the value of the use and occupancy.

2. SAME—DEATH OF CO-TENANT—WIDOW'S HOMESTEAD AND DOWER RIGHTS—WHAT INTEREST SUBJECT TO.

The widow of a deceased tenant in common, who, after her husband's death, holds the entire premises adversely to her co-tenant, will not be relieved from liability to such co-tenant for the rental value of his undivided interest, because of her

· homestead and dower rights in the undivided interest which belonged to her husband.

3. SAME—DEMAND FOR POSSESSION—EJECTMENT.
 The commencement of an action of ejectment by one tenant in common against a co-tenant who has excluded him is a sufficient demand to be let into possession.

4. SAME—PARTITION—RECOVERY OF RENTS—LIMITATIONS.
 Where, in partition proceedings between tenants in common, one of whom has for a number of years excluded the other from possession, the former asks credit for betterments and improvements made during the entire period, he cannot equitably have the statute of limitations applied against the excluded tenant's right to an allowance for use and occupation during the same period.

5. SAME—IMPROVEMENTS AND BETTERMENTS.
 A tenant in common who makes improvements upon the common property, which substantially increase its value, is entitled, after a sale of the property in partition proceedings, to have the improvements considered in determining his just share of the proceeds of the sale.

6. SAME—ADJUSTMENT OF EQUITIES.
 Where, in partition proceedings between tenants in common, one of whom has for a number has for a number of years excluded the other from possession, the excluded tenant is to be allowed for rental and the tenant in possession for betterments and improvements, equity requires either that the former should be limited in his credit for rents to the value of the premises in their original state, or, if he is to have the benefit of disbursements made in improving the premises to add to their rental value, be charged with his share of the cost of the improvements at the time they were made, rather than with their depreciated value at the time of partition.

7. SAME—INSURANCE.
· A co-tenant in possession is not entitled, upon partition, to an allowance for insurance claimed to have been paid by him, where it does not in any way appear that the insurance inured to the benefit of the excluded tenant.

Cross-appeals from Mackinac; Adams, J.  Submitted January 4, 1898.  Decided March 1, 1898.

Bill by Charles B. Fenton against Annie M. Wendell-Miller, Eva M. Wendell-McKinnon, and Romain I. Wen-

dell, for a partition of real estate. From the decree rendered, complainant and defendant Romain I. Wendell appeal. Modified.

*Henry Hoffman* (*C. R. Brown*, of counsel), for complainant.

*James McNamara* (*John Atkinson*, of counsel), for defendant Wendell.

MONTGOMERY, J. Complainant filed the original bill in this case, praying for a partition of lot 12 in the village Mackinac. An answer was put in, and subsequently proceedings were stayed until the title of complainant could be established at law. This complainant was able to do (see *Fenton* v. *Miller*, 108 Mich. 246); and thereupon, on the 5th day of October, 1896, an amended and supplemental bill was filed, setting up that, since the filing of the original bill, Annie M. Wendell-Miller and Eva M. Wendell-McKinnon had conveyed their interests in the property to Romain I. Wendell, and praying partition, or, if the property could not be divided without prejudice, that it be sold, and the proceeds divided, and that an account be taken of the rents and profits. The interest of complainant, as alleged in the bill, and as established on the trial, is 13-21. The remaining 8-21 was, after the conveyance to Romain I. Wendell, wholly vested in her. On the same day that the amended bill was filed, an answer was filed by Annie M. Wendell-Miller, which set up that the defendant had spent large sums in improvements, and asked a decree in her favor for the same. Mrs. McKinnon and Romain I. Wendell answer, alleging that their occupancy of the property was while they were minors and members of their mother's family, at least up to November 4, 1895, when Romain I. Wendell became of age, and that they are not properly chargeable with rents and profits during this time. On the filing of their answer, a consent decree was made, reciting that Romain I. Wendell had succeeded to the interests of her co-de-

fendants in the premises, defining the respective interests of the complainant and defendant as found in the suit at law, reciting that the premises were so situated that an equitable division could not be made, and providing for a sale of the premises, the payment of a portion of the purchase money into court, and a reference to take testimony touching the improvements made upon the premises, taxes paid thereon, the rents received, etc.

In pursuance of this preliminary decree, a sale was made, at which complainant became the purchaser, at the price of $7,500. Eight twenty-firsts of this sum, or $2,849.24, was paid into court, and remains in the hands of the register of the court, to abide the final order of the court. The parties proceeded to take testimony touching the rents and profits, improvements, repairs, insurance, etc. The case was brought to a final hearing, and decree made, declaring: (1) That defendants Eva M. and Romain I. are not responsible for the rents and profits. (2) That defendant Annie M. Wendell should be charged with rents and profits amounting to $5,100 in the whole, 13-21 of which belongs to complainant, viz., $3,157.-05; that she should be credited with improvements and betterments, $4,737.21; with insurance paid, $266; taxes paid, $406.56,—making a total of $5,409.77, 13-21 of which is $3,348.80, leaving a balance against complainant of $191.75, from which was deducted 8-21 of certain taxes paid by complainant, $25.52, leaving the final balance $166.23, which was decreed to defendant Romain I. Wendell. (3) The costs were decreed to complainant. From this decree both parties appeal.

It is contended on behalf of defendants that no allowance should be made for the value of the use and occupancy of the premises by Mrs. Wendell. The statute (section 5778, 2 How. Stat.) limits recovery against a cotenant to moneys actually *received* by the tenant in possession in excess of his just proportion of the rents and profits. This statute is a substantial re-enactment of the statute 4 Anne, chap. 16; and under the English de-

cisions, to justify a recovery under this statute, the tenant must actually have received rents and profits. His exclusive occupancy is not enough to create liability. *Henderson* v. *Eason*, 17 Adol. & E. (N. S.) 701. See, also, *Everts* v. *Beach*, 31 Mich. 136 (18 Am. Rep. 169). But this statute has not been construed as impairing the common-law remedies existing in favor of the co-tenant who is excluded from possession by the occupying tenant. In such a case he may maintain ejectment, and in another action recover the profits. Indeed, the most forcible reason given against a right to recover on a showing of mere occupancy is that · plaintiff's mere omission to occupy ought not to constitute a ground of action against one who occupies of right. In this case it appears by defendants' answer to the original bill, filed by Annie M. Wendell-Miller, December 24, 1886, that the premises had been adversely held by defendants; and, on the defendants' motion, the proceedings in this case were stayed until the title should be determined in ejectment. It is. settled that on a partition it is competent for the court to adjust the equities of the parties, including rent to the excluded tenant. Freem. Co-ten. § 512; *Hoffman* v. *Ross*, 25 Mich. 175; *Hunt* v. *Hunt*, 109 Mich. 399.

It is also contended that as Mrs. Wendell occupied these premises as the widow of her deceased husband, having a dower interest and a homestead right therein, it is inequitable to charge her with the rental value of complainant's interest. The answer to this is that her dower interest and homestead right only attached to the 8-21 part, and that she had the use of the entire premises, including complainant's share.

It is also claimed that there was no demand to be let into possession; but it appears that an action of ejectment was commenced in 1880, which we think a sufficient demand.

Some question is also made as to the effect of the statute of limitations; but, in the view we take of the accounting, this question is not of much importance, as, if the defend-

116 MICH.—4.

ant is to have credit for the expenditures made since 1880 in betterments and improvements, it is apparent that it would be grossly inequitable to exclude all charges for rental value during the same period, as this would result in permitting the defendant to devote the avails of complainant's property to the purpose of creating a charge against him.

Complainant contends that defendant is not entitled to compensation for improvements; but we think, under the circumstances in this case, the circuit judge was right in holding that she is entitled to have the improvements considered in determining what is a just division of the proceeds of the sale. When premises are susceptible of division, the court will award to the party making the improvements the part on which the improvements are situated, and, when the entire premises are sold, it is equitable that the same result should be reached by awarding the increased value of the premises, by reason of the improvements, to the party making them. Freem. Coten. § 510. In such a case, however, it is but just to require that a party making claim for improvements offer to share their rents with his co-tenant. Id. § 511. For this reason, as before stated, the statute of limitations cuts no figure in this case, as complainant does not insist on it, and as defendant, as a condition to asking complainant for improvements, should be required to account for rental value.

What should be allowed as compensation ? The circuit judge allowed the present value of the improvements. This course is, doubtless, in accord with the general rule. Freem. Co-ten. § 510. But defendant contends that, as against the charge for rental, the improvements should be charged at cost, as the expenditure was a disbursement in order to make the premises rentable at the price charged in the accounting. We think this contention is just. Either the complainant should be limited in his charge for rent to the value of the premises in their original state, or, if he is to have the benefit of the in-

creased rents, the defendant should have credit for the expenditures which made it possible to receive these rents. This is exact equity between the parties. We are disposed to adopt the figures of the circuit judge as to the rental value, viz., $5,100. We think his figures are also substantially accurate as to the repairs and improvements, which include rebuilding of the homestead, and the building of an additional cottage, amounting to $6,316.27. Defendant has also paid $406.56 for taxes, making a total credit of $6,722.83, which, less rental, leaves $1,622.83. Complainant should be charged with 13-21 part of this, $1,004.61. Complainant at one time paid taxes, $67.19. He should be credited with 8-21 of this, being $25.52, which, deducted from allowance to defendant, leaves $979.09, which, with interest from date of sale, will be allowed to defendant.

That this case may not be misapprehended as a precedent, it should be stated that the present value of the improvements exceeds the sum allowed, and that the expenditures in excess of the present value of the improvements have in our computation been applied in the reduction of the rental. We make no allowance to defendant for insurance, for the reason that it does not in any way appear that the insurance inured to the complainant's benefit, and we do not deem the charge proper. *Peoria Marine & Fire Ins. Co.* v. *Hall*, 12 Mich. 209.

Complainant will be entitled to costs of the court below, to be paid out of this sum. Defendant will recover the costs of this court.

The other Justices concurred.