SILICH v RONGERS

Docket No. 305680. Submitted May 7, 2013, at Grand Rapids. Decided
        August 8, 2013, at 9:00 a.m.

Rudy Silich brought an action in the St. Joseph Circuit Court against
    John Rongers to partition a cottage they jointly owned. Rongers
    obtained his share of the property from his father in 2007. Silich
    obtained his share from his mother (Rongers's sister) in 2007. The
    court, Paul E. Stutesman, J., found that various expenses related
    to the property had been shared equally beginning in 2000, but
    Rongers had still done all the work of maintaining the property.
    There was also an issue regarding the personal property in the
    cottage. The court found that Rongers or his family exclusively
    owned the vast majority of the personal property except for a few
    pieces that Rongers stipulated belonged to Silich's family. The
    court ordered that the cottage be sold in lieu of partition, and
    Silich purchased it at the subsequent auction. The court awarded
    Silich attorney fees under MCR 3.403(C), limited to those involved
    in organizing the partition sale and excluding fees incurred in
    litigating the dispute regarding the distribution of sale proceeds
    and the personal property. Because the invoices submitted by
    Silich's attorney did not differentiate his fees for those matters,
    the court awarded attorney fees for twice the amount of time spent
    by the partition commissioner, reasoning that Silich's attorney had
    needed more time than the commissioner to prepare his materials.
    After the commissioner's expenses, Silich's attorney fees, and the
    costs Silich incurred obtaining the partition were deducted from
    the proceeds of the auction, the judgment awarded 75 percent of
    the remaining proceeds to Rongers and 25 percent to Silich. The
    court denied Silich's request for additional attorney fees arising
    from litigation of the partition and also rejected Rongers's argu-
    ment that some of Silich's claims were frivolous. Silich appealed,
    seeking an equal division of the partition proceeds and additional
    attorney fees. Rongers cross-appealed, seeking attorney fees.

    The Court of Appeals held:

    1. It was improper for the trial court to grant Rongers more
    than 50 percent of the proceeds from the sale of the property when
    it was undisputed that Silich had paid his share of the expenses for

all years that he was a coowner and Rongers's maintenance contributions were *de minimis*. Actions to partition land are equitable in nature. MCR 3.403(D)(3) provides that two parties who each own a 50 percent interest in property to be sold in lieu of partitioning the property will each receive 50 percent of the proceeds, but MCL 600.3336(2) provides that when partitioning the premises or dividing among the parties the money received from a sale of the premises, the court may take into consideration the equities of the situation, such as the value of the use of the premises by a party or the benefits that a party conferred on the premises. In this case, the trial court found that Rongers had conferred sufficient benefits on the premises to deserve 75 percent of the proceeds from the sale. The trial court, however, should have considered only benefits conferred on the premises after Silich became coowner with Rongers. No caselaw supported the proposition that in a partition action a subsequent owner may be held liable, even in equity, for the debts of a prior owner. Nor was there authority allowing the trial court to charge Silich with his parent's debts.

2. MCR 3.401(B) states that if the trial court determines that the premises can be partitioned, MCR 3.402 governs further proceedings. If the court determines that the premises cannot be partitioned without undue prejudice to the owners, it may order the premises sold in lieu of partition under MCR 3.403. The small property at issue in this case could not have been partitioned. The trial court therefore ordered it sold and properly proceeded under MCR 3.403 instead of MCR 3.402. While Rongers argued that MCR 3.402 governed the time before court's determination that the property should be sold, the court rule itself states that it governs only if the court determines that the premises can be partitioned. Under MCR 3.403(C), the person conducting the sale must deduct the costs and expenses of the proceeding, including the plaintiff's reasonable attorney fees as determined by the court, from the proceeds of the sale and pay them to the plaintiff or the plaintiff's attorney. Silich argued that the term "proceeding" in MCR 3.403(C) means the entire case, including all related litigation. That court rule, however, covers the expenses necessary to the sale of the premises. Because a sale in lieu of partition requires a court order, one of the parties must first bring an action, which benefits all owners of the property by liquidating their interests in the property. Therefore, the party who brought the action must be compensated for bearing the necessary legal expenses. Extending the definition of "proceeding" to cover all disputes that are tangentially related to the sale of the property, however, would overturn the American rule (which provides that fees are not

generally recoverable unless a statute, court rule, or common-law exception provides otherwise) for no reason. MCR 3.403(C) authorizes the award of fees only to cover the plaintiff's expense in filing the suit and arranging the partition sale.

3. The trial court did not clearly err when it calculated Silich's reasonable attorney fees related to the sale of the premises. A review of the commissioner's reports revealed no work performed that was unnecessary to the sale. Therefore, it was not unreasonable for the trial court to base its calculation on the commissioner's invoices. Although the calculation of the number of hours spent by Silich's attorney was imprecise, the trial court explained that the invoices submitted by Silich's attorney did not sufficiently differentiate between fees that were recoverable and those that were not. This was a failure of the proofs, and better evidence would have allowed more precision by the trial court, but given what it had to work with, the trial court's conclusions were reasonable.

4. The trial court did not err when it denied Rongers's request for attorney fees. MCL 600.2591 allows an award of fees against a party who files a frivolous action. Under MCL 600.2591(3)(a), a claim is frivolous if (1) the party's primary purpose in initiating the action was to harass, embarrass, or injure the prevailing party, (2) the party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true, or (3) the party's legal position was devoid of arguable merit. The trial court did not clearly err by finding that Silich had a reasonable basis to believe the facts underlying his position and that his legal position was not devoid of arguable merit on the basis of those facts.

Affirmed in part, reversed in part, and remanded.

1. REAL PROPERTY — PARTITION — SALE OF PROPERTY IN LIEU OF PARTITION — DIVISION OF PROCEEDS — BENEFITS CONFERRED ON PROPERTY BY COOWNER.

Actions to partition land are equitable in nature; MCR 3.403(D)(3) provides that two parties who each own a 50 percent interest in property to be sold in lieu of partitioning the property will each receive 50 percent of the proceeds; MCL 600.3336(2) further provides that when partitioning the premises or dividing among the parties the money received from a sale of the premises, the trial court may take into consideration the equities of the situation, such as the value of the use of the premises by a party or the benefits that a party conferred on the premises, but the court may properly consider only benefits conferred on the premises after the

parties became coowners and a subsequent owner may not be held liable, even in equity, for the debts of a prior owner.

2. REAL PROPERTY — PARTITION — SALE OF PROPERTY IN LIEU OF PARTITION — ATTORNEY FEES.

MCR 3.403(C) provides that the person conducting a sale of property in lieu of partitioning the property must deduct the costs and expenses of the proceeding, including the plaintiff's reasonable attorney fees as determined by the court, from the proceeds of the sale and pay them to the plaintiff or the plaintiff's attorney; MCR 3.403(C) authorizes the award of fees only to cover the plaintiff's expense in filing the suit and arranging the partition sale and does not cover all disputes that are tangentially related to the sale of the property.

*Property Law Solutions, PLC* (by *Philip J. Sheridan*) for plaintiff.

*Robert R. Kopen* for defendant.

Before: SERVITTO, P.J., and WHITBECK and SHAPIRO, JJ.

PER CURIAM. This case involves the partition of a cottage property on the St. Joseph River jointly owned by the parties. The trial court ordered that the property be sold, and plaintiff purchased the property at the subsequent auction. The trial court awarded 75 percent of the proceeds from the auction to defendant, after deducting the partition commissioner's expenses and $8,359.20 for plaintiff's attorney fees and costs "incurred obtaining the partition of the premises." The court denied plaintiff's request for additional attorney fees arising from litigation of the partition, and also rejected defendant's argument that some of plaintiff's claims were frivolous. Plaintiff filed this appeal, seeking to divide the partition proceeds equally and also seeking his remaining attorney fees. Defendant filed a cross-appeal, also primarily seeking attorney fees. We hold that the trial court erred by granting defendant more

than half of the proceeds because it was undisputed that plaintiff paid his share of all expenses after he became the coowner. We affirm the trial court's rulings regarding attorney fees.

## I. FACTS

The property was originally purchased by defendant's father, Michael Rongers, along with Rudolph Silich, Jr. (Rudy Jr.), plaintiff's father. Rudy Jr. was Michael's son-in-law, married to Michael's daughter, Carole. Michael and Rudy Jr. added their wives' names to the property deed, so that Michael, his wife, his daughter (Carole), and Carole's husband (Rudy Jr.) each owned a share. Michael's wife and Rudy Jr. passed away, leaving Michael and Carole as the coowners. Michael sold his share of the cottage to defendant for $1 in 2000. Defendant is Michael's son and Carole's brother. Carole transferred her ownership share of the cottage to plaintiff, her son, by means of a quitclaim deed in 2007. Defendant is the uncle of plaintiff.

Neither Carole nor plaintiff used the cottage much between 1992 and 2007. Plaintiff admitted that there was a period when his parents did not pay their half of the property taxes, insurance, or maintenance expenses. Plaintiff admitted that his mother had originally intended to pay back any missed payments from her share of the cottage once the cottage was sold. He testified that she changed her mind when Michael transferred his full share to defendant instead of splitting it among all his children (including Carole).

Defendant testified that Carole admitted to him that she owed insurance and taxes for all the years that she and her husband had not helped pay them. Defendant stated specifically that he paid all insurance and taxes from 2000, when he acquired his interest, through

2005. He also testified that his father alone had paid for the land in 1960, along with 90 percent of the construction materials, and that Rudy Jr. had made only minor contributions at the time. Defendant reported that he and his father had handled maintenance through the years, including cleaning up after a flood, various storm damages, a raccoon infestation, and ice damage to the pier on the river. He stated that Carole first started contributing in 2006 or 2007, when the roof was replaced. However, defendant does concede that plaintiff later made contributions sufficient to cover his and Carole's share of the expenses going back to 2000.

The trial court found that the expenses were shared equally beginning in 2000, but that defendant still did all the work of maintaining the property. There was also an issue at trial regarding the personal property in the cottage. The trial court found that the vast majority of the personal property was owned exclusively by defendant or his family, except for a few pieces that defendant stipulated belonged to plaintiff's family.

Under MCR 3.403(C), the trial court also awarded plaintiff attorney fees. It limited the fees awarded to those involved in organizing the partition sale and excluded fees incurred in litigating the dispute between plaintiff and defendant regarding the distribution of sale proceeds and the personal property. Because the invoices submitted by plaintiff's attorney did not make this differentiation, the trial court simply awarded fees for twice the amount of time spent by the partition commissioner, reasoning that plaintiff's attorney would have needed more time than the commissioner in order to prepare his materials. The fees and costs awarded to plaintiff totaled $8,359.20.[1]

---

[1] This amount includes $134.20 that defendant was directed to pay plaintiff because defendant had failed earlier to pay that amount to the partition commissioner.

II. STANDARD OF REVIEW

Actions to partition land are equitable in nature. MCL 600.3301; *In re Temple Marital Trust*, 278 Mich App 122, 141; 748 NW2d 265 (2008). "[E]quitable actions are reviewed de novo with the trial court's findings of fact reviewed for clear error . . . ." *Id.* at 142. Interpretation of a statute or court rule constitutes a question of law that is also reviewed de novo. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004).

III. DIVISION OF PROCEEDS

While MCR 3.403(D)(3) provides that two parties who each own a 50 percent interest in property to be sold in lieu of partition will each receive 50 percent of the proceeds, MCL 600.3336(2) provides:

> When partitioning the premises or dividing the money received from a sale of the premises among the parties the court may take into consideration the equities of the situation, such as the value of the use of the premises by a party or the benefits which a party has conferred upon the premises.

In this case, the trial court found that defendant had conferred sufficient benefits on the premises to deserve 75 percent of the proceeds from the sale.

Plaintiff argues that the trial court should have considered only benefits conferred on the premises after plaintiff became coowner with defendant, citing *Fenton v Miller*, 116 Mich 45, 51; 74 NW 384 (1898), and *Jones-Collier v Cunningham*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2010 (Docket No. 289915). *Fenton* is not directly on point, and *Jones-Collier* is not binding. MCR 7.215(C)(1). Nonetheless, we find plaintiff's argument persuasive.

*Fenton* appears to be the only Michigan case involving a situation in which one of the parties at the time of partition was not a coowner at the time benefits were conferred on the property. In *Fenton*, the plaintiff sued for partition, naming Annie Wendell and her daughters, Eva and Romain, as defendants. The defendants had been living in the property, and Fenton argued that he was entitled to the rental value of the property because they had excluded him from using it, though he owned a $13/21$ share of the property. Defendants argued that Fenton should be required to pay his share of improvements that Annie had made during the same period.

During the proceedings, Romain acquired Annie's and Eva's interests so that at the time of partition only Fenton and Romain had ownership interests in the property. Nevertheless, the circuit court concluded that assessments for rents or improvements were to be assessed between Fenton and Annie, the respective owners at the time in which the rents and improvements had been incurred.[2] The Supreme Court agreed that rents due to Fenton and the value of improvements made by Annie should each be charged and should be offset against each other. While the issue whether Romain could be made liable for the rents was not squarely before it, the Supreme Court did not criticize the circuit court's decision that the issue of rents and improvements was to be resolved between the parties who owned the property when they were incurred and not between their successors. *Fenton*, 116 Mich at 48-51. The *Jones-Collier* Court cited *Fenton* in stating that a party should not be charged for costs that did not benefit that party. *Jones-Collier*, unpub op at 9.

---

[2] The daughters, while apparently already coowners, had lived in the house as minors in their mother's household, and not independently.

Defendant offers no caselaw in support of the proposition that in a partition action a subsequent owner may be held liable, even in equity, for the debts of a prior owner. The trial court also did not cite any authority that would allow it to charge plaintiff with his parent's debts. It is particularly inappropriate to allow defendant more than half of the proceeds in this case because Carole Silich was still alive when this litigation began and he could have sued her to recover any benefits he conferred on her share of the property. Moreover, defendant himself did not gain an ownership interest in the property until 2000, yet he concedes that plaintiff has repaid his mother's share of the expenses going back to 2000—expenses that were not chargeable to plaintiff anyway. Thus the trial court actually compensated defendant for expenses incurred by defendant's predecessor in interest and charged plaintiff for the debts of his.

The statute allows adjustments for benefits conferred on the premises by "a party," but when we remove the unequal contributions of the prior owners from the equation, defendant did not spend any more money on the property than plaintiff or Carole after he became coowner. Thus, there is no adjustment to be made on the basis of expenditures. There was testimony that defendant also personally performed maintenance work on the property, but those contributions were *de minimis* and mostly occurred before either party to this litigation had any ownership rights to the property. Further, any credit for maintenance work is counterbalanced by the fact that defendant enjoyed unfettered use of the property, rather than being forced to share it with Carole or plaintiff.

We hold that it was improper for the trial court to grant defendant more than 50 percent of the proceeds

from the sale of the property when it was undisputed that plaintiff had paid his share of the expenses for all the years he was a coowner, and even all the years during which defendant was a coowner, and defendant did not provide any law by which the trial court could hold a subsequent owner liable for the debts of a prior owner.

### IV. PLAINTIFF'S ATTORNEY FEES

The trial court granted plaintiff fees and costs totaling $8,359.20. Plaintiff contends that MCR 3.403(C) required the court to award him *all* of his attorney fees, rather than just those related to filing the suit and arranging the partition sale. Defendant contends that the fees were properly restricted to those related to the actual partition sale, but that the trial court erroneously calculated the amount of fees that reasonably fall into that category.

### A. SCOPE OF ATTORNEY FEES

MCR 3.401(B) states:

> If the court determines that the premises can be partitioned, MCR 3.402 governs further proceedings. If the court determines that the premises cannot be partitioned without undue prejudice to the owners, it may order the premises sold in lieu of partition under MCR 3.403.

Neither party suggests that the small property at issue here could have been partitioned. The trial court therefore ordered it sold and proceeded under MCR 3.403 instead of MCR 3.402. Defendant argues that MCR 3.402 governed the time before the court's determination that the property should be sold. This is incorrect. The rule states that MCR 3.402 governs only if the court determines that the premises can be partitioned.

Because the trial court found that the premises could not be partitioned, it did not err by ignoring MCR 3.402.

Under MCR 3.403(C),

> [t]he person conducting the sale shall deduct the costs and expenses of the proceeding, including the plaintiff's reasonable attorney fees as determined by the court, from the proceeds of the sale and pay them to the plaintiff or the plaintiff's attorney.

Neither party cites any cases interpreting this rule, nor could we discover any. Plaintiff argues that the term "proceeding" means the entire case, including all related litigation. The trial court, on the other hand, essentially interpreted the term to encompass bringing the partition suit and organizing the sale of the property, while excluding expenses incurred in litigating the questions of who owned the personal property on the land and what percentage of the proceeds each party should receive.

The court rule directs that the "person conducting the sale shall deduct the costs and expenses of the proceeding . . . from the proceeds of the sale . . . ." *Id.* The only reasonable interpretation of this directive is that it covers the expenses that are necessary to the sale of the premises. Because the sale in lieu of partition requires a court order, one of the parties must first bring an action. Bringing the action benefits all owners of the property to be sold by liquidating their interests in the property. It therefore follows that the party who brought the action should be compensated for bearing the necessary legal expenses, and this is provided for by the rule.

It does not, however, make sense to extend the definition of "proceeding" to cover all disputes that are tangentially related to the sale of the property. Michigan generally follows the "American rule" regarding attorney fees, which provides that fees are not generally

recoverable unless a statute, court rule, or common-law exception provides otherwise. *Nemeth v Abonmarche Dev, Inc*, 457 Mich 16, 37-38; 576 NW2d 641 (1998). The interpretation advanced by plaintiff, while not implausible on its face, would overturn the American rule for no reason. The language of a statute should be read in light of previously established rules of common law, including common-law adjudicatory principles. *Valeo Switches & Detection Sys, Inc v EMCom, Inc*, 272 Mich App 309, 318; 725 NW2d 364 (2006).

Moreover, plaintiff's interpretation would overturn the American rule in a one-sided way, since only the plaintiff would ever be entitled to attorney fees. This reading would completely drain the value of the property in cases, such as this one, in which the parties litigate multiple issues at length. Plaintiff's interpretation would lead to a plaintiff receiving all the benefit simply because he or she filed the suit, without regard for whether the plaintiff's position was at all meritorious. In the present case, for example, the cottage sold for $69,000, and plaintiff would have received more than $60,000 of that money in attorney fees alone. Defendant then would have received less than $10,000, despite the fact that the trial court found that he was entitled to 75 percent of the proceeds of the sale.

Thus, the trial court's interpretation of the rule is plainly correct. We hold that MCR 3.403(C) authorizes the award of attorney fees only to cover the plaintiff's expense in filing the suit and arranging the partition sale, which theoretically benefits all parties to the proceeding.

### B. AMOUNT OF ATTORNEY FEES

Defendant also argues that even though the trial court correctly interpreted MCR 3.403, the court none-

theless awarded an improper amount of attorney fees given the facts of the case. The court stated that it was impossible to determine from his invoices how much time plaintiff's attorney spent on activities that were compensable under MCR 3.403(C). Instead, the trial court noted that the partition commissioner spent 19.2 hours carrying out the sale of the premises, reasoned that plaintiff's attorney would have needed more time for his related responsibilities, and therefore simply estimated a figure of 40 hours. The parties agreed that the attorney's rate of $200 an hour was reasonable, so the court awarded $8,000 plus certain incidental costs.

Defendant argues that it was improper to base the calculation on the work performed by the commissioner because some of his work was unrelated to the sale of the property and was properly governed by MCR 3.402 rather than MCR 3.403. However, as previously discussed, MCR 3.402 has no bearing on this proceeding because the premises could not be partitioned. Further, a review of the reports the commissioner made to the court does not reveal that any of his work was unnecessary to the sale. Therefore, it was not unreasonable for the trial court to base its calculation on the commissioner's invoices.

*Smith v Khouri*, 481 Mich 519, 530-531; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.), calls for the trial court to determine a reasonable hourly rate and multiply it by the reasonable number of hours expended. Although the calculation of the number of hours was imprecise, the trial court explained that the invoices submitted by plaintiff's attorney did not sufficiently differentiate between fees that were recoverable and those that were not. This is a failure of the proofs, and better evidence would have allowed more precision by the trial court. Given what it had to work with, the trial

court's conclusions were reasonable.[3] The trial court did not clearly err by finding $8,000 to be plaintiff's reasonable attorney fees related to the sale of the premises.

### V. DEFENDANT'S ATTORNEY FEES

Defendant argues that plaintiff's claim for the personal property located at the cottage was frivolous and that defendant is therefore entitled to his attorney fees for time spent defending that portion of the lawsuit. MCL 600.2591 allows an award of fees against a party who files a frivolous action. Under MCL 600.2591(3)(a), a claim is frivolous if one of the following is true:

(*i*) The party's primary purpose in initiating the action . . . was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable merit.

The trial court did not clearly err by holding that plaintiff's claim was not frivolous. Plaintiff may reasonably have believed, on the basis of his mother's affidavit (exhibit 3 to plaintiff's motion for summary disposition), that the personal property was jointly owned. If that had been the case, plaintiff's legal position that the property could be partitioned or sold would have been correct. That is, the trial court did not clearly err by finding that plaintiff had a reasonable basis to believe the facts underlying his position (his mother's affidavit) and that his legal position was not devoid of arguable merit on the basis of those facts.

---

[3] This may not always be the case, and attorneys should keep careful and proper time records.

Defendant also argues that plaintiff intended the claim to harass or injure him, but plaintiff did attempt to abandon the personal property claim in his own motion for summary disposition. Even if it is true that plaintiff inflated the value of the personal property in his claim, that is insufficient to prove that the trial court clearly erred when it found that plaintiff did not bring the relevant claim for an improper purpose. The trial court's factual finding that plaintiff's claim was not frivolous was not clearly erroneous. Therefore, the trial court did not err when it denied defendant's request for attorney fees.

### VI. REMAINING ISSUES

Defendant also argues that the trial court erred by ordering the sale of the premises before determining the parties' relative entitlement to the proceeds. Defendant argues that MCR 3.401 requires the court to determine the parties' relative shares in the property before the property is sold. MCR 3.401(A) states that the court shall make certain determinations, and MCR 3.401(B) states that the court may order the property sold if it cannot be partitioned. However, the rule does not expressly require the court to finish its determination of the parties' relative rights before ordering the sale; it only requires that the court must first decide that the property cannot be partitioned. Defendant states that knowing the trial court's decision on the latter point would have better enabled him to determine whether to bid on the property himself. This might be true, and it might be better practice to proceed as defendant suggests, but the rule does not *require* such a procedure. Further, defendant concedes that, because the property has already been sold, this Court cannot grant him any remedy. An issue is moot if this

court cannot fashion a remedy. *People v Mansour*, 206 Mich App 81, 82; 520 NW2d 646 (1994).

Finally, defendant asserts that plaintiff's appeal was vexatious. The appeal was not vexatious. Plaintiff was correct that defendant was not entitled to 75 percent of the proceeds from the sale of the cottage, and plaintiff's argument regarding MCR 3.403(C) was not groundless, though it was ultimately unsuccessful.

### VII. CONCLUSION

The trial court erred by granting 75 percent of the proceeds to defendant. Because defendant has not shown that equity requires the trial court to unequally divide the proceeds of the partition, each party is entitled to 50 percent of the proceeds. The trial court correctly determined the scope of attorney fees to be awarded to plaintiff under MCR 3.403(C) and did not clearly err in its calculation of the specific amount allowed in this case. We also affirm the trial court's refusal to grant attorney fees to defendant.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SERVITTO, P.J., and WHITBECK and SHAPIRO, JJ., concurred.