# STATE OF MICHIGAN

# COURT OF APPEALS

NADIM KALLA,

Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 14, 2016

No. 323416
Wayne Circuit Court
LC No. 13-007318-NI

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court's order denying plaintiff's motion to enforce an attorney's charging lien against a settlement reached between defendant, Progressive Michigan Insurance Company (Progressive), and plaintiff's nonparty medical provider, St. Peter Medical Center (SPMC), in a different action in the district court. We affirm.

Plaintiff argues that the trial court erred by refusing to enforce an alleged attorney charging lien of his trial counsel, Nazek A. Gappy. As a preliminary matter, we note that plaintiff's arguments that the trial court erred by (1) failing to grant Gappy attorney fees under a quantum meruit theory, or to (2) hold an evidentiary hearing to determine the precise contractual relationship between Gappy and SPMC, are unpreserved issues, as plaintiff failed to raise them in the trial court. See *Hines v Volkswagen of Am, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). We also refuse to consider exhibits 2-5 and 7 and 9 that were appended to plaintiff's brief on appeal. These exhibits were never filed in the trial court, and constitute an impermissible attempt to expand the record on appeal. MCR 7.210(A)(1); see also *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

This Court reviews a lower court's decision whether to impose a charging lien for an abuse of discretion. *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997), citing *Ambrose v Detroit Edison Co*, 65 Mich App 484, 489; 237 NW2d 520 (1975). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). On the other hand, "[w]hether a lien is authorized in a particular case is a question of law" that this Court reviews de

-1-

novo. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 281; 761 NW2d 761 (2008). "Interpretation of a statute or court rule constitutes a question of law that is also reviewed de novo," *Silich v Rongers*, 302 Mich App 137, 143; 840 NW2d 1 (2013), as is the proper "construction of the rules of professional conduct," *Grievance Administrator v Fieger*, 476 Mich 231, 240; 719 NW2d 123 (2006).

"Attorney charging liens are not recognized by statute but exist in the common law." *Souden v Souden*, 303 Mich App 406, 411; 844 NW2d 151 (2013). Such liens exist "as part of the court's inherent power to oversee the relationship of attorneys, as officers of the court, with their clients," and, as such, an attorney's charging lien "is subject to the control of the court for the protection of the client and third parties as well[.]" *Id.*, quoting *Kysor Indus Corp v DM Liquidating Co*, 11 Mich App 438, 445; 161 NW2d 452 (1968) (quotation marks and citations omitted). "A special or charging lien is 'an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit.' " *Souden*, 303 Mich App at 411, quoting *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). "The attorneys' charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services." *Id.* "The ability to enforce an attorney's charging lien is ancillary to a trial court's exercise of jurisdiction over the cases before it." *Souden*, 303 Mich App at 412.

For several reasons, plaintiff's claim of error necessarily fails. First, Gappy failed to demonstrate the existence of an attorney-client relationship between herself and SPMC. Indeed, in the circuit court, Gappy explicitly acknowledged the lack of a direct contractual relationship between herself and SPMC, admitting that plaintiff was her client in this action, not SPMC. "An attorney-client relationship must be established by contract before an attorney is entitled to payment for services rendered." *Id.* at 414, quoting *Plunkett & Cooney, PC v Capitol Bancorp Ltd*, 212 Mich App 325, 329; 536 NW2d 886 (1995). Since Gappy failed to demonstrate the existence of an attorney-client relationship between herself and SPMC, she could not demonstrate her entitlement to a charging lien for attorney fees allegedly owed by SPMC.

Second, even if Gappy had a valid charging lien against SPMC's recovery in the district court action, she cannot enforce that charging lien by filing a motion to do so in a circuit court action. "The ability to enforce an attorney's charging lien is ancillary to a trial court's exercise of jurisdiction *over the cases before it*." *Souden*, 303 Mich App at 412 (emphasis added). In this matter, the circuit court exercised jurisdiction over plaintiff's first-party no-fault claim, not SPMC's third-party no-fault claim. SPMC was never a party to this action. Thus, SPMC's third-party no-fault claim against Progressive was not before the circuit court, leaving that court without ancillary jurisdiction to enforce Gappy's proposed charging lien against SPMC's recovery in the district court. See *id.*

Third, in order for an attorney's charging lien to attach to a client's recovery, that recovery must be a result of the attorney's services. *Dunn v Bennett*, 303 Mich App 767, 778; 846 NW2d 75 (2014); see also *George*, 201 Mich App at 476 ("The attorneys' charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services."). In the circuit court, Gappy acknowledged that she was unaware of the district court action, or its settlement, until after the settlement was already effective. Consequently, any

-2-

settlement reached in the district court action was not a result of Gappy's legal services, leaving her alleged charging lien unattached to SPMC's recovery in the district court. See *id.*

Finally, even if Gappy had an otherwise enforceable charging lien, the circuit court had discretion to deny enforcement of that lien for Gappy's violation of the court rules and rules of professional conduct. In the circuit court, Gappy claimed that she had a contingent-fee agreement with SPMC under which she would receive a third of "any fee that was collected on their behalf," but she admitted that the agreement was not written. Thus, the circuit court decided that even if such an agreement existed, it was unenforceable.

MCR 8.121(F) provides that, "Contingent fee arrangements made by an attorney with a client must be in writing and a copy provided to the client." Likewise, MRPC 1.5(c) provides in part that, "A contingent-fee agreement shall be in writing and shall state the method by which the fee is to be determined." An attorney's charging lien "is subject to the control of the court for the protection of the client and third parties as well[.]" *Souden*, 303 Mich App at 411, quoting *Kysor Indus Corp*, 11 Mich App at 445 (quotation marks and citations omitted). Furthermore, "[t]his Court has repeatedly recognized that a trial court has inherent authority to impose sanctions on the basis of the misconduct of a party or an attorney," up to and including dismissal of an action. *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999).

By seeking a charging lien, Gappy was requesting the exercise of the circuit court's equitable powers. See *Souden*, 303 Mich App at 411. However, it is a bedrock principle of our jurisprudence "that one who seeks the aid of equity must come with clean hands." *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 463; 646 NW2d 455 (2002), quoting *Stachnik v Winkel*, 394 Mich 375, 382; 230 NW2d 529 (1975), quoting *Charles E Austin, Inc v Kelly*, 321 Mich 426, 435; 32 NW2d 694 (1948). Gappy's alleged agreement with SPMC is not only a direct violation of the requirement that such agreements be written, MCR 8.121(F), but it is also an ethical violation under MRPC 1.5(c). As such, the circuit court did not abuse its discretion by refusing to enforce the agreement. On the contrary, Gappy cannot expect a court sitting in equity to help her enforce a fee agreement that is specifically prohibited by both the court rules and the rules of professional conduct.

Affirmed. Defendant may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

-3-